Lewis L. Draper *vs.* George A. Wood & another.

A material alteration of a note made by one of the promisors before its delivery, without the knowledge of the other promisor, makes the note void as against the other promisor ; although the alteration is made without the knowledge of the payee and without fraudulent intent.

Contract against George A. Wood and Henry S. Higgins, as makers of the following promissory note :

" $1000. North Hadley, March 31st, 1868.

" For value received we promise to pay L. L. Draper or order one thousand dollars on demand, with interest at twelve per cent.

" Geo. A. Wood,

" H. S. Higgins."

Wood was defaulted. Higgins filed the following answer :

" The said Higgins comes and answers as follows : He denies that he made the promissory note mentioned in the plaintiff's declaration.

" If the plaintiff shall prove the defendant's signature to a promissory note like that set forth in the copy annexed to the writ, the said Higgins says that after he signed his name as surety only for the other defendant, the plaintiff fraudulently substituted the word ' we ' for ' I ' in the body of the note, and fraudulently added to the note, as written at the time of the signing, the words ' at twelve per cent.,' without the knowledge, authority or consent of the said Higgins, and thereby fraudulently and materially altered the said note, whereby it became void and of no effect against the said Higgins.

" And the said Higgins further says that if the plaintiff shall prove the said Higgins's signature to a promissory note like that set forth in the copy annexed to the writ, the same is void and of no effect against the said Higgins, because the same is a promissory note fraudulently and materially altered in this, that after the said Higgins, as surety only for the other defendant, signed his name, the words ' at twelve per cent.,' without the knowledge, authority or consent of the said Higgins, were fraudulently added to the said note, and the word ' we ' fraudulently substituted for ' I ' in the body of the note, all with the knowledge and consent of the plaintiff."

Thereupon the plaintiff by leave of court amended his declaration by adding thereto a second count against the defendants as makers of the following note :

" $1000.                        North Hadley, March 31st, 1868.

" For value received I promise to pay L. L. Draper or order one thousand dollars on demand, with interest.

" Geo. A. Wood,
" H. S. Higgins."

To this count, the following answer was filed :

" The defendant Higgins comes, and in answer to the additional count denies that he made the note mentioned in said count.  Also, that if the plaintiff gives evidence that the defendant signed such note, the same as to him was avoided and made

of no effect by a material alteration thereof without his knowledge, authority or consent."

At the trial in the Superior Court, before *Brigham*, C. J., there was evidence tending to show that the defendant Wood wrote the note at Hinsdale, where it was signed by both defendants, but that the rate of interest was not at that time written into the note; that, between the plaintiff and Wood, the rate of interest had not then been agreed upon, Wood intending to put the rate of interest into the note when it was agreed upon, in the belief that he had a right so to do, without consulting Higgins; that, after seeing the plaintiff, Wood ascertained the rate of interest, and wrote it into the note before its delivery, and without the knowledge of the plaintiff, and received the money thereon. Whether there was an understanding between Wood and Higgins, when the note was made, that Wood should add the rate of interest when fixed, and whether Higgins, upon notice of the addition of the words "at twelve per cent.," assented to and ratified the addition and agreed to pay the note, were questions upon which there was conflicting evidence.

The plaintiff asked the court to rule that if the jury believed Higgins signed the note as set out in the second count, and authorized Wood to deliver it to the plaintiff, and if Wood afterwards, before delivering the note to the plaintiff, without the knowledge either of the plaintiff or of Higgins, and without authority from Higgins, added the words "at twelve per cent.," and delivered the note so altered to the plaintiff, and the plaintiff took it in good faith, the plaintiff could recover on the note as set out in the second count. The court declined so to rule, but ruled that the plaintiff in this action could recover $1000 with twelve per cent. interest, or nothing; that he could not recover this sum unless he proved by a preponderance of evidence that the defendant Higgins authorized Wood to add to the note the words "at twelve per cent.," or, knowing that these words had been added, assented to and ratified the addition; that the plaintiff's fraud in the transaction, or his belief, when he accepted the note, that the defendant Higgins authorized or assented to the addition, were immaterial facts, if the addition was made without the defendant Higgins's authority or consent.

The jury found for the defendant, and the plaintiff alleged exceptions.

*D. W. Bond & H. H. Bond,* for the plaintiff. The court erred in its ruling as to the plaintiff's recovery on the first count. It narrowed the ground upon which a verdict might be found to the naked fact of authority given by Higgins to Wood to add the words "twelve per cent.," or a subsequent ratification. But the evidence would have warranted the jury in finding, 1. That the note was intentionally left blank as to the rate of interest, in which case Higgins would have been answerable for it when filled up. *Ives* v. *Farmers' Bank,* 2 Allen, 236, and cases there cited. 2. That Higgins carelessly signed a note so written as to make him liable; upon the principle that where one of two innocent parties is to bear a loss, it must fall on him who carelessly furnished the means of committing a fraud. *Young* v. *Grote,* 4 Bing. 253. *Garrard* v. *Haddan,* 67 Penn. St. 82. *Harvey* v. *Smith,* 55 Ill. 224. 3. That some authority was given, which could not be restricted to the precise words "twelve per cent." *Putnam* v. *Sullivan,* 4 Mass. 45. *Wade* v. *Withington,* 1 Allen, 561.

The ruling asked for with reference to the second count should have been given. The question raised by this request is still an open one in this court. *Fay* v. *Smith,* 1 Allen, 477, differs from the present case in three essential particulars, viz: The alteration was there made by the payee; the payee knew that the note signed by the guarantor was different from the note which he, the payee, took; and the pleadings were such that the plaintiff could not recover except upon the contract as he took it. In the case of *Wade* v. *Withington,* 1 Allen, 561, the alteration was fraudulently made by the payee. The rule contended for by the defendant does not apply to a case like this, where the alteration is made before the delivery of the note as a binding contract. Byles on Bills, (11th ed.) 320, 321, and cases cited. Nor does it apply to a case where the alteration is innocently made through mistake. *Ames* v. *Colburn,* 11 Gray, 390. *United States* v. *Spalding,* 2 Mason, 476. *Nichols* v. *Johnson,* 10 Conn. 192. *Murray* v. *Graham,* 29 Iowa, 520. *Wheat* v. *Arnold,* 36 Ga. 479. *Seymour* v. *Mickey,* 15 Ohio St. 515. *Thornton* v. *Appleton,* 29 Maine, 298. *Nevins* v. *De Grand,* 15 Mass. 436. *Adams* v.

*Frye*, 3 Met. 103. The case at bar comes within the principle applied in cases of accident, or alteration by stranger. That the plaintiff may strike out the mistake and recover on the original contract, is a result reached by nearly all the courts in the Union *Thornton* v. *Appleton*, 29 Maine, 298. *Bowers* v. *Jewell*, 2 N. H. 543. *Bigelow* v. *Stilphen*, 35 Vt. 521. *Nichols* v. *Johnson*, 10 Conn. 192. *Clute* v. *Small*, 17 Wend. 238. *Garrard* v. *Haddan*, 67 Penn. St. 82. *Kountz* v. *Kennedy*, 63 Penn. St. 187. *Worrall* v. *Gheen*, 39 Penn. St. 388. *Fullerton* v. *Sturges*, 4 Ohio St. 529. *Croskey* v. *Skinner*, 44 Ill. 321. *Murray* v. *Graham*, 29 Iowa, 520. *Krause* v. *Meyer*, 32 Iowa, 566. *Wheat* v. *Arnold*, 36 Ga. 479. *Visher* v. *Webster*, 8 Cal. 109. *Fisher* v. *Dennis*, 6 Cal. 577.

*S. T. Spaulding*, for the defendant Higgins.

MORTON, J. In *Fay* v. *Smith*, 1 Allen, 477, one of the joint promisors of a note, after it was executed by both and before it was negotiated, altered it by adding the words " with interest," and it was held that this alteration avoided the note in the hands of a *bonâ fide* holder to whom the payee had indorsed it.

In the case at bar, an equally material alteration was made by one of the joint promisors before the note was passed to the payee. We think the two cases depend upon the same principles. The differences in them pointed out by the plaintiff are in immaterial particulars. It is stated in the opinion in *Fay* v. *Smith*, that the words " with interest " were added by the procurement of the payee, but it was not contended that the alteration was made with fraudulent intent ; and the decision does not turn upon that point. The grounds of the judgment are that the alteration destroyed the identity of the contract into which the defendant entered, and that the note accepted by the payee was a single contract, purporting to bind alike both the promisors, and could not be treated as if it contained two separate agreements, one binding upon the one, and the other upon the other. The fact, also, that the declaration did not contain a count upon the note as it was before the alteration, was immaterial, and had no effect upon the decision. The same reasons govern the case at bar. The alteration destroyed the identity of the defendant's contract. He never made the only contract which the plaintiff accepted.

In the words of the opinion in the case cited, "the note used he did not execute ; the note which he executed was never used, but was destroyed by the alteration, and another substituted for it."

We are of opinion, therefore, that the ruling of the presiding judge was correct.

The other questions argued by the plaintiff do not appear to have been raised at the trial, and are not open on this bill of exceptions. *Exceptions overruled.*