## LAUB v. PAINE ET AL.

1. **Practice in the Supreme Court:** EXCEPTION: ENTRY IN JUDGMENT. Where an exception is made a part of the record of the court, no bill of exceptions is necessary to preserve it on appeal.

2. **Promissory Note:** MATERIAL ALTERATION. The erasure of the word "surety" after the name of one of the signers of a note by the payee, before indorsement, is a material alteration discharging the surety, even though the note be transferred for value before maturity.

*Appeal from Carroll Circuit Court.*

WEDNESDAY, OCTOBER 3.

ACTION on a promissory note executed by the defendant Squires, as principal, and the defendant Paine, as surety. After Paine's signature there was written the word *surety*. This word the payee of the note erased, and then indorsed the note to the plaintiff. Paine claims that by the erasure he was released. The case was tried by the court, which found the following facts and conclusions of law:

" 1. The payee of the note after the delivery thereof al-

tered said note by erasing therefrom the word *surety*, which the defendant Paine had written after his name.

" 2. Said Paine was in fact a surety on the note.

" 3. Such alteration was made for the purpose of destroying the evidence on the face of said note that Paine was a surety, and so that upon the face thereof he would appear to be a principal debtor instead of surety.

" 4. The plaintiff became the owner of said note before maturity, for a good consideration, in the usual course of business, without notice of any alteration thereof.

" 5. The court finds as a matter of law that such alteration was not a material alteration, and, therefore, did not vitiate said note."

Judgment for plaintiff. Defendant appeals.

*Geo. W. Paine*, for appellant.

*J. E. Griffith*, for appellee.

ADAMS, J.—I. The appellee moves to strike that part of the abstract from the files which shows that the appellant ex-

1. PRACTICE in the supreme court: exception: entry in judgment.

cepted to the fifth finding of the court, because no bill of exceptions was ever filed or allowed. The motion, we think, cannot be sustained. It appears from the record that the exception was entered in the entry of judgment. The exception then was made a part of the record of the court, and no bill of exceptions was necessary so far as that exception was concerned.

II. By the erasure of the word *surety* after Paine's name, he became liable to be subjected to the necessity of showing by

2. PROMISSORY note: material alteration.

parol, as between him and the principal, what his true relation to the instrument was, whereas, before the alteration it appeared upon its face. Nor is this a trifling matter. The evidence when wanted might not be obtainable. If the rule contended for by the appellee is correct, whoever signs a note as surety is exposed to hazards far beyond what his contract imports.

It is true that the rule contended for was held by a majority of the court in *Humphreys v. Cram*, 5 Cal., 173. In that

case a memorandum had been made upon the note to the effect that certain parties who had signed it were sureties. This memorandum the holder tore off. It was held that the alteration was not material. The court said: "The defendants were liable to the plaintiff whether they signed as principals or sureties, and it is well settled that an alteration which does not vary the meaning, the nature or subject matter of the contract, is immaterial." In our opinion, however, the court in that case erred in assuming that the alteration did not vary the meaning, nature, or subject matter of the contract. It is true the holder of a promissory note may recover the whole amount of a surety and as speedily as of the principal. The meaning and nature of the contract, so far as liability to the holder is concerned, is not changed by an alteration like the one in question; but the meaning and nature of the contract as between the surety and principal is greatly changed and this is sufficient to make the alteration a material one. The principle here involved has been decided repeatedly, and by this court. In *Hall's adm'x, v. McHenry*, 19 Iowa, 521, the signature of one Lyon was procured as co-maker without McHenry's consent. It was held that McHenry was thereby discharged, and yet it is evident that McHenry's contract with the plaintiff was not changed. See, also, *Hamilton v. Hooper*, p. 515, *ante; Gardiner v. Walsh*, 32 Eng. L. & Eq., 162; *Robinson, adm'r, v. Reed & Rand*, p. 219, *ante.*

But it is claimed by the appellee that the note was transferred to him for value before maturity, and that if the erasure was so skillfully executed as that a man of ordinary prudence in taking the note would not have observed it, the defense should not be allowed to prevail as against him.

To this it may be said, that the judgment of the court below was based upon the conclusion of law that the alteration is immaterial. The exception presents the question as to whether it is or not, and that is the only question. As we hold the alteration to be material, the case must be

REVERSED.