JOHN H. LONG v. LOUISA MASON, Admx.

*Notes and Bonds—Effect of material alteration—Presumption of Fraud.*

The addition of the words " at ten per cent " to a bond without consent of the parties thereto, is a material alteration and vacates the same;

and where such alteration is made, a presumption of fraud arises and remains until rebutted.

(*Davis* v. *Coleman,* 7 Ired., 424; *Dunn* v. *Clements,* 7 Jones, 58, cited and approved.)

CIVIL ACTION tried at August Special Term, 1880, of ROWAN Superior Court, before *McKoy, J.*

The suit was begun in a justice's court in which the plaintiff declared upon a bond made by the defendant's intestate as surety to one John B. Kerns. The bond was for one hundred dollars and was payable to the plaintiff as guardian of Thomas M. Kerns. When produced on the trial, it appeared that the words "at ten per cent" had been written in the left lower corner of the bond, as an addition thereto; and it was agreed that these words had been so written after it had been signed by both principal and surety, and that it was done by the principal and in the absence of the surety, and without his knowledge or sanction, and also without the knowledge or sanction of the plaintiff; but that the same was done at the suggestion and with the sanction of his ward, who was about nineteen years old. The defence set up was that the addition of the above words was an alteration of the bond which rendered it void, and the court so holding gave judgment for defendant, from which the plaintiff appealed.

No counsel for plaintiff.
*Mr. John S. Henderson,* for defendant.

RUFFIN, J. An alteration of a bond in a material part by a party to it, vacates the same, except as to parties consenting thereto. *Davis* v. *Coleman,* 7 Ired., 424; *Draper* v. *Wood,* 112 Mass., 315. An addition of the words "interest at six per cent," written in a corner of the bond after it had been signed, is an alteration of it in a material particular.

3 Addison on Contracts, § 1280. The intent with which the alteration is made seems according to the weight of authorities to be immaterial; but however that may be, it has been decided by this court in *Dunn* v. *Clements*, 7 Jones, 58, that whenever a material alteration has been made, a *presumption* of fraud arises, and remains until rebutted. There was no evidence offered on the trial to remove this presumption.

We therefore concur with His Honor in the opinion that the defendant was entitled to judgment.

No error.                               Affirmed.