ANNIE FLANIGAN *vs.* WILLIAM F. PHELPS, impleaded, etc.

December 20, 1889.

**Promissory Note—Joint Makers—Agency.**—No agency between several joint makers of a note is implied from their relation as co-signers.

**Same—Alteration by one Maker.**—A material alteration of the note by one maker after the other has signed it, if made without the consent of the latter, will make the instrument void as to him.

**Same—Alteration held Material.**—The insertion of the following memorandum, over signatures of the makers of a promissory note, "Privilege of extension for thirty days given," *held* a material alteration of the note.

Action brought in the district court for St. Louis county against the defendants Phelps and S. T. Church as joint makers of a promissory note for $210. Phelps alone answered, his defence being the alteration stated in the opinion. At the trial before *Stearns*, J., the defendant had a verdict. The plaintiff appeals from an order refusing a new trial.

*S. E. Cheeseman,* for appellant.

*Ensign, Cash & Williams,* for respondent.

VANDERBURGH, J.   One Church negotiated a loan from the plaintiff for $210, to be secured by the joint note of himself and the defendant Phelps.   The note was made payable 30 days after date, with interest at 10 per cent., and the signature of the defendant Phelps was procured by Church, who also signed and delivered it to the plaintiff's agent.   One of the defences relied on, and the only one we need consider, is that the note was altered after it was signed, by the addition of the following memorandum or stipulation at the end thereof, and above the signatures: "Privilege of extension for thirty days after maturity given."   The result was, as defendant claims, that he had no notice whatever that this clause was inserted until long after the note was due, and that Church, who was, as between the makers, the principal debtor, subsequently procured a further extension, and failed to pay the note altogether.   The evidence was sufficient to support the finding of the jury that such alteration was made, and without defendant's knowledge or consent, and we think it was a material one.   It introduced a new element into the contract.   The stipulation was clearly intended to qualify the terms of the note as to the time when the makers should finally be compelled to pay it.   No agency between several joint makers of a note is implied from their mere relation as co-signers.   *Willoughby* v. *Irish,* 35 Minn. 63, (27 N. W. Rep. 379.)   Hence an essential alteration by one co-maker, though before the delivery of the note, if after the other maker has signed it, is fatal to an action against him, if made without his consent or authority.   *Wood* v. *Steele,* 6 Wall. 80; 10 Am. Dec. 270; *Draper* v. *Wood,* 112 Mass. 315.

Order affirmed.