Γ. A. RICHARDSON AND S. E. RICHARDSON V. LENA FELLNER AND ELISHA PENNY.

(Filed Feb. 9, 1900.)

1. WRITTEN INSTRUMENT—*Proof of—Error*. It is error to admit proof of the contents of a written instrument by secondary evidence until the loss of the original has been clearly hown, or its absence satisfactorily accounted for.

2. PROMISSORY NOTE—*Lost Instrument—Proof of Contents*. When a suit is brought to recover on a promissory note, and it is alleged that the note is lost and cannot be procured at the trial, proof that the note was delivered to an agent for the payee, and that the agent transmitted the note to the payee by mail, and that it was assigned to the plaintiff by the payee while yet in the hands of the agent, and that the plaintiff has never received the note, without in any manner attempting to prove by the payee that he never received the note, or that he had no knowledge of its whereabouts, is not sufficient proof of the loss of the note to entitle the plaintiff to prove its contents or tenor by secondary evidence.

3. SAME—*Execution Denied—Burden of Proof*. Where the execution of the note sued on is denied under oath by the defendants, who are the alleged makers, the burden is on the plaintiff to prove

—33

Richardson *et al.* v. Fellner.

the execution of the note by at least a *prima facie* showing, before the note is entitled to be introduced in evidence, and the burden of proof is on the holder to prove the genuineness of the signature of the makers.

4. SAME—*Alterations After Execution—Presumption.* Where the execution of a note is denied under oath and on the trial the genuineness of the signatures to the note are admitted but it is claimed that a material alteration has been made in the note subsequent to its execution, the presumption will be entertained that all alterations or interlineations were made prior to and with the consent of the makers and the burden will be on the one alleging such alterations to show that they were made subsequent to the execution of the instrument, and without the consent of the makers.

5. SAME—*Material Alteration Vitiates Instrument.* Any alteration of a written instrument after its execution, without the consent of the parties, which varies the legal effect of the instrument, changes the operation of the contract or the rights or liabilities of the parties, though no fraud results, is a material alteration, and vitiates the instrument.

6. SAME—*Recitals of—Rule Applied.* When a promissory note recites on its face that it is given for the purchase price of the buildings on lot 1, and such note is altered by erasing the word "on", and inserting the word "and" so as to make the note read that it is given for the purchase price of the buildings and lot 1, such alteration is a material one, and vitiates such instrument.

7. SAME—*Questions of Law and Fact.* The question as to whether an instrument has been altered, is one of fact for the jury; but the materiality of the alteration is a question of law for the court.

8. CONTRACT—*Transfer of—Vendor's Lien—Waiver.* When the buyer of real property gives to the seller a written contract for payment of all or part of the price, an absolute transfer of such contract by the seller waives his vendor's lien to the extent of the sum payable under the contract; but a transfer of such contract as collateral security for the payment of some other debt does not waive the lien.

9. VERDICT—*Error to Direct, When.* Where there is any controverted question of fact before the jury, it is error for the court to direct the verdict.

(Syllabus by the Court.)

*Error from the District Court of Noble County; before
Bayard T. Hainer, District Judge.*

*H. B. Martin* and *James B. Diggs,* for plaintiffs in error.

*C. A. Morris* and *H. R. Thurston,* for defendants in
error.

Opinion of the court by

BURFORD, C. J.: The defendant in error, Lena Fellner,
brought an action in the district court of Noble county
against the plaintiffs in error, S. E. Richardson and F. A.
Richardson, to recover judgment on a note for the sum
of $500, executed by the Richardsons to Samuel Fellner,
and by him assigned to Lena Fellner, as collateral secur-
ity for another debt, and to have declared and enforced
a vendor's lien for the amount of said note against cer-
tain real estate described in the note.     S. E. Richard-
son and F. A. Richardson denied the execution of the
note under oath. After some preliminary rulings and
amendments of pleadings, which are not material here,
the cause went to trial to a jury upon the issues made by
the allegations of the last amended petition, and the
plea of *non est factum.*

After the plaintiff had introduced her evidence and
rested, the defendants demurred to the evidence.     The
demurrer was overruled, and proper exceptions saved
by the defendants.     After the defendants had submit-
ted their evidence, the court took the cause from the
jury, and directed a verdict for plaintiff for the amount
claimed in the petition.     The defendants filed their
motion for a new trial, which was overruled, and proper

exceptions saved, and they now bring the cause here by petition in error.

A number of errors are alleged to have been committed during the trial, by the trial court.

The copy of the note attached to the petition is as follows:

"$500.00                    PERRY, O. T., Dec. 8, 1894.

"One year after date we promise to pay to the order of Samuel Fellner, Five Hundred Dollars for purchase price of buildings and Lot (1) one, in Block 28, in the city of Perry, O. T., with interest from date at 8 per cent., per annum, value received.

"Due Dec. 8, 1893.

"S. E. RICHARDSON,
"F. A. RICHARDSON."

It was contended by the defendants below, that the note sued on had been altered after its delivery to the agent of the payee, by erasing the word "on" between the word "buildings" and the word "lot," and inserting in lieu thereof the word "and." That as originally executed the note was given "for purchase price of buildings on lot 1, in block 28, in the city of Perry, O. T.," and not "for purchase price of buildings and lot;" and this issue was presented by the verified denial of the execution of the note sued on. The note was originally taken by C. A. Morris, attorney for Samuel Fellner, was executed at Perry, O. T., at a time when the payee was a resident of and in New York City. The Payee, Samuel Fellner, assigned the note to his wife, Lena Fellner, by a written assignment, executed by a separate instrument, which instrument was executed in New York at a time and while the note was in the possession of Morris, at Perry.

The plaintiff alleged in her petition that the note was lost, and could not be produced on the trial of the cause; and on the trial the court permitted the contents of the note to be shown by secondary evidence. This ruling of the court is assigned as error.

It is a well settled rule of the law of evidence that secondary evidence cannot be used to prove the contents of a written instrument until the loss of the original has been shown, or its absence satisfactorily accounted for. In this case Morris, the attorney and agent for Samuel Fellner, the payee, testified that he had the note in his possession for a short time after its execution, and that he then transmitted it by mail to the payee, Samuel Fellner, in New York; that he had not had it in his possession since that time, and had no information or knowledge as to where the note was at that time. The plaintiff, Lena Fellner, testified that she had never had the possession of the note, and knew nothing of its whereabouts. On this testimony, the cou t permitted a copy of the note to be introduced in evidence.

This was prejudicial error. The loss of the note had not even been *prima facie* shown. The note was payable to Samuel Fellner. His agent, Morris, testified that he transmitted the note by letter through the mails to the payee in New York. No effort was made to show that Samuel Fellner had not received the note. The presumption is that he did receive it, and that he still has it. He did not testify as a witness, and it was not shown that the note was ever in the possession of any other person after Morris mailed it to him. It was not attempted to be shown that any search had been made by Samuel Fellner to discover the note, and the loss of

the note is not sufficiently acounted for to entitle the plaintiff to prove its contents by secondary evidence.

It was a controverted question on the trial as to whether the copy sued on was a copy of the original note, and it became highly important to have the original note produced for inspection. The court excluded all evidence as to whether any alternation had been made in the note. The plaintiff, in her petition, claimed a vendor's lien on the real estate described in the instrument, and this claim was based upon the recital in the note that it was given for "Lot one."

The learned justice who tried the case held that the assignee of the note could not enforce the lien which the payee had for unpaid purchase money, and that when the vendor assigned the note to the plaintiff, the lien was discharged. Based upon this holding the trial court further held that the alleged alteration of the note sued on was immaterial. The trial court fell into error in holding that the assignment introduced in evidence was such an assignment as discharged the vendor's lien, and from thence tried the case upon a wrong theory, which rendered practically all the subsequent rulings erroneous.

The instrument of assignment, under which Lena Fellner claimed title to the note, recited that Samuel Fellner was indebted to Lena Fellner in the sum of about $10,000, and that the note in question, together with other notes and property, was assigned to her as collateral security for the payment of said indebtedness; and she was authorized to collect said notes and apply the proceeds to the payment of the indebtedness mentioned. This does not constitute an absolute

assignment, but is one made in trust for the payment of debts.

Our statutes, sections 3205 and 3206, Statutes of Oklahoma, 1893, provide as follows:

"SEC. 3205. One who sells real property has a special or vendor's lien thereon, independent of possession, for so much of the price as remains unpaid and unsecured, otherwise than by the personal obligation of the buyer."

"SCE 3206. Where the buyer of real property gives to the seller a written contract for payment of all or part of the price, an absolute transfer of such contract by the seller waives his lien to the extent of the sum payable under the contract, but a transfer of such contract, in trust, to pay debts and return the surplus, is not a waiver of the lien."

The note in question, as set out in the petition, constitutes a written contract for payment of all or part of the price of real estate sold by the payee to the makers of the note; and the assignment made an exhibit to the petition and introduced in evidence only purported to assign this note to Lena Fellner as collateral security for the payment of another debt due from the payee to her, with authority to collect and apply the proceeds on said debt. It is true that this note or contract contained no provision requiring the assignee to return the surplus; but it was not necessary that this provision should be inserted in the contract, if the conditions were such that the law would require such return. In all cases where property is assigned as collateral security for payment of another debt, the assignee can only take so much of the collateral as may be necessary to liquidate the secured debt, and must in every instance account for and return the surplus.

We think the note as sued on, together with the written assignment, comes squarely within the terms of the provision of the statute heretofore quoted, and that the lien of the seller was not discharged by the assignment of the contract to Lena Fellner in trust for payment of his debts to her.

The trial court erred in holding that the vendor's lien could not be enforced in this proceeding. The question of the alteration of the note was a material question. If the note had been altered as claimed by the makers, then it was no such contract for the payment of purchase money for real estate as would constitute it a vendor's lien on its face; and it became important to determine whether such alteration had been made, and if so, by whom.

The plea of *non est factum*, duly verified, put in issue the execution of the note. The defendants offered evidence in support of their contention that the note had been altered; but the court excluded all such evidence, and took the case from the jury, and directed a verdict for the full amount of the note and interest. There was prejudicial error in this ruling. The question of the alteration of the note should have been left to the jury.

It is the policy of the law to allow no tampering with written instruments, and any alteration which varies the legal effect of the instrument, changes the operation of the contract, or the rights or liabilities of the parties, though no fraud actually results, is a material alteration, and vitiates the instrument. The true test is, whether it is the same contract. (*Johnston v. Nay,* 76 Ind. 293; *Wilson v. Hayes,* 4 L. R. A. 196; and cases cited in the note. *Ruby v. Talbott,* and notes, 3 L. R. A.

724; *Moore v. Hutchinson,* 69 Mo. 429; *Palmer v. Poor,* and notes, 6 L. R. A. 469; *Saunders v. Bagwell,* and notes, 7 L. R. A. 743; *Walton Plow Co. v. Campbell,* 16 L. R. A. 468; *Citizens' Bank v. Williams,* and annotations, 35 L. R. A. 464; 2 Daniels Neg. Inst., sec. 1394; *Lowe v. Argme et al.* 30 Ga. 129; *Warder et al. v. Wellyard,* 46 Minn. 571; *Lee v. Butler,* 167 Mass. 426; *Newman v. Uling,* 54 Ohio St. 175; 1 Greenleaf, Ev. 568.)

In the light of the propositions contained in the foregoing, and those there cited, we have no doubt but the alteration here claimed is a material alteration, and the court erred in excluding the evidence offered to show that such an alteration had been made.

The question of whether an alteration has been made is one for the jury; but the materiality of this alteration is a question of law for the court.

Where the execution of a written instrument is denied under oath, that is, where the genuineness of the signatures to such contract is denied, the burden is on the holder to show that the alleged makers executed the note; but where it is admited that the signatures are genuine, the presumption will be entertained that any and all alterations appearing over such signatures were made before signing, and the burden of proof in such case will be upon the one alleging the alteration, to show that such alteration was made after the note was executed, and without the consent of the makers.

The defendant offered such proof in this case, but the court refused to permit it to go to the jury.

The cause is reversed at costs of defendant in error, Lena Fellner, and new trial ordered.

Cause remanded with directions to proceed in accordance with the views herein expressed.

Hainer, J., who presided in the court below, not sitting; all of the other Justices concurring.