## CITIZENS' STATE BANK OF RAMONA v. GRANT.

No. 4948.    Opinion Filed November 9, 1915.

(152 Pac. 1082.)

1. **BILLS AND NOTES—Alteration—Effect.** Prior to the adoption of sections 4174, 4175, Rev. Laws 1910, a material alteration of a note by the payee, without the consent of the maker, rendered a note void as against such maker, even in the hands of a **bona fide** holder without notice of such alteration.

2. **ALTERATION OF INSTRUMENTS—Bills and Notes—Material Alteration.** An alteration in a note whereby the name of the payee was changed from "Scott E. Winne" to "Scott E. Winne, Pres.," without the consent of the maker, is a material alteration, and renders the note void as to the maker.

3. **SAME.** The test as to whether an alteration of a note is material does not depend upon whether it increases or reduces the maker's liability, but whether the note will have the same operation and effect after the alteration as it had before.

4. **SAME.** If the alteration could become material, and could alter the rights, duties, and obligations of the parties to be charged, it is in a legal sense material.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Custer County;*
*James R. Tolbert, Judge.*

Action by the Citizens' State Bank of Ramona, Okla., a corporation, against L. B. Grant. Judgment for defendant, and plaintiff brings error. Affirmed.

*Geo. T. Webster,* for plaintiff in error.

*A. J. Welch,* for defendant in error.

Opinion by RITTENHOUSE, C.   This is an action to recover on a note of $500, wherein it is alleged in the petition that on May 9, 1907, L. B. Grant, for a good and valuable consideration, made, executed, and delivered to Scott E. Winne his promissory note in writing of that

date, whereby he promised to pay to Scott E. Winne or order, six months after date, the sum of $500, with interest; that the payee, for value, before maturity, sold and delivered the same to the First National Bank of Ramona, Okla., and in due course said note was sold and delivered to the Citizens' State Bank, which bank is the plaintiff in this action and the owner and holder thereof; that on the face of the said note, and following the name of Scott E. Winne, and also following the name "Scott E. Winne" as indorsed on said note, is the word or abbreviation "Pres.," which was inserted, following the name of the payee, after the execution and delivery of the note, and before the same became the property of the plaintiff, and without the knowledge or consent of defendant; that said word or abbreviation has no meaning or significance in connection with said note, nor in any manner materially alters its legal effect. A demurrer was sustained to this petition, and it is conceded that the only question for determination is, Was the alteration of the note in question, by adding the word or abbreviation "Pres." after the name of the payee, a material alteration? The plaintiff contends that the note in question is a negotiable instrument, and that it is an innocent purchaser, and that the effect of the word or abbreviation "Pres." after the name of the payee is merely *descriptio personae,* and that therefore an alteration which is merely descriptive of the payee is not such a material alteration as would change its legal effect. At the time of this alteration, sections 4174 and 4175, Rev. Laws 1910, defining a material alteration, were not in force.

A material alteration of a note by the payee without the consent of the maker renders a note void as against

9—52

such maker, even in the hands of a *bona fide* holder without notice of such alteration. *Commonwealth National Bank v. Baughman,* 27 Okla. 175, 111 Pac. 332; *Richardson et al. v. Fellner,* 9 Okla. 513, 60 Pac. 270; *Overton v. Mathews et al.,* 35 Ark. 146, 37 Am. Rep. 9; *Horn v. Newton City Bank,* 32 Kan. 518, 4 Pac. 1022; Daniel on Negotiable Instruments (6th Ed.) sec. 1387; *German-American Bank v. Hennis et al.,* 54 Okla. —, 153 Pac. 671.

In the case of *International Bank v. Mullen et al.,* 30 Okla. 547, 120 Pac. 257, Ann. Cas. 1913C, 180, it was held that an alteration in a note, whereby the name of the payee was changed from International Bank to W. C. Rudisill, without the consent of the maker, was a material alteration, and rendered the note void as to the maker. This rule is supported by the great weight of authority. Joyce on Defenses to Commercial Paper, 158; Daniel on Negotiable Instruments (6th Ed.) 1387; *Bank v. Baughman, supra.*

The test as to whether an alteration of a note is material does not depend upon whether it increases or reduces the maker's liability, but whether the note will have the same operation and effect after the alteration as it had before. If the alteration could become material and could alter the rights, duties, and obligations of the parties to be charged, it is in a legal sense material, and this is very forcibly illustrated in the case at bar. Here, the note was made plain and certain as to the identity of the payee; the contract was made in view of his financial responsibility, not the financial responsibility of a corporation of which the payee was president; the maker contracted with him in his individual capacity. Afterwards, an alteration was made which would suggest

doubt or ambiguity as to the party bound or the character in which he acted as payee. Under these conditions, parol evidence would be admissible in a suit on the note, for the purpose of showing in what capacity he acted as payee, whether as president of a corporation or in his individual capacity. In case it were found that the note was given to the payee for and on behalf of a corporation, then the name of the payee would be changed. The case clearly comes within the rule which makes the alteration material, where the same alters the rights or duties of the parties, or the operation and effect of the instrument.

The cause should therefore be affirmed.

By the Court: It is so ordered.