## ST. PAUL FIRE & MARINE INS. CO., OF ST. PAUL, MINN., v. EARL.

No. 5708.    Opinion Filed December 21, 1915.

(153 Pac. 867.)

1.  **CORPORATIONS—Action Against Foreign Corporation—Pleading—Affidavit Attached to Answer—Requisites.** Where the petition of the plaintiff alleges that the defendant is a foreign corporation, and the defendant does not put the question in issue, a subsequent affidavit by an attorney under section 4765, Rev. Laws 1910, is sufficient without an affirmative showing in such affidavit that the defendant is a foreign corporation.

2.  **PLEADING—Action on Policy—Evidence.** Where the execution of a policy of insurance is denied under oath by the defendant, who is alleged to be the maker thereof, the burden is on the plaintiff to prove the execution of the policy of insurance by at least a **prima facie** showing before the policy is entitled to be introduced in evidence.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Murray County;*
*R. McMillan, Judge.*

Action by R. H. Earl against the St. Paul Fire & Marine Insurance Company, of St. Paul, Minn., a corporation. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Burwell, Crockett & Johnson,* for plaintiff in error.

*Ira M. Roberts,* for defendant in error.

Opinion by RITTENHOUSE, C. This action was brought against the St. Paul Fire & Marine Insurance Company, of St. Paul, Minn., by R. H. Earl, to recover $500 on a certain fire insurance policy alleged to have been issued by said company on one Stover gasoline engine and one gristmill and machinery which are alleged

to have been destroyed by fire. An answer was filed denying under oath that the company had executed the policy. No proof was made by the plaintiff of its execution, but it is contended that, inasmuch as the affidavit attached to the answer was sworn to by an attorney, the same was insufficient, because it did not comply with section 4765, Rev. Laws 1910, by showing that the defendant was a foreign corporation, and it is insisted that a showing in said affidavit that the general agents of the said company were not residents of the State of Oklahoma, and were not then within the state, is insufficient upon which to base an affidavit under said section, and thereby allow the attorney to verify such affidavit. This is, of course, a technical objection to the verification. To say that the general agents were not then within the state does not fully comply with the provisions thereof; but this court is not blind to the fact that the plaintiff alleged in his petition that the St. Paul Fire & Marine Insurance Company is a foreign corporation, duly organized and existing under the laws of the State of Minnesota, with its principal place of business at St. Paul, Minn., and, having pleaded this as a fact in his petition, the plaintiff will not be allowed to urge here that an affidavit filed subsequent thereto, and which does not specifically say that the defendant is a foreign corporation, is insufficient because it fails to contain such affirmative statement. In view of the admitted fact, a statement that affiant is the attorney for the defendant, and that the general agents of said defendant company are not residents of the state, and not now within the state, is a sufficient compliance with the statute.

A denial under oath of the execution of the policy puts the burden of proving such execution upon the plain-

tiff, and the only attempt to discharge such burden was his testimony that he had received the policy from a Mr. Grissom two or three days after he had paid Grissom the premium of $18.75. The policy was introduced in evidence, countersigned by S. W. Grissom. No evidence was offered to show that S. W. Grissom was the agent of the company with authority to issue and countersign policies of insurance; and, the plaintiff having failed to show by competent evidence that the policy was, in fact, executed by the company, he was not entitled to have the policy admitted in evidence. It is provided by section 4759, Rev. Laws 1910:

"In all actions, allegations of the execution of written instruments and endorsements thereon, of the existence of a corporation or partnership, or of any appointment of authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

This section was construed in the case of *Richardson et al. v. Fellner et al.*, 9 Okla. 513, 60 Pac. 270, wherein it was held, where the execution of a note is denied under oath by the defendants, who were the alleged makers, that the burden is on the plaintiff to prove the execution of the note and the genuineness of the signature of the makers.

We therefore conclude that the defendant, having denied the execution of the policy under oath, brought itself within section 4759, *supra,* and the burden of proving the execution of the policy and the genuineness of the signature was upon the plaintiff, and this burden the plaintiff failed to discharge.

The cause should therefore be reversed and remanded for a new trial.

By the Court: It is so ordered.