## EASTMAN NAT. BANK v. NAYLOR et al.

No. 17487.    Opinion Filed April 24, 1928.

(Syllabus.)

Alteration of Instruments—Bills and Notes —Effect of an Authorized Insertion of Word "Surety" after Names of Comakers of Note.

Under sections 7794 and 7795, C. O. S. 1921, the writing of the word "surety" after the names of two of the three makers of a promissory note, by one of the said makers, without the knowledge or consent of one comaker, and without the knowledge or consent of the payee, made after the execution of said note and before its delivery to the payee, is a material alteration of said note and makes the same void as to the comaker not assenting, except as to holders in due course, although it appears that the note was given for the benefit of an unincorporated company, in which all three makers were interested.

Commissioners' Opinion, Division No. 1.

Error from District Court, Kay County; Claude Duval, Judge.

Action by Eastman National Bank against D. L. Naylor et al. to recover on a note of $6,000, signed by D. L. Naylor and others. Judgment in favor of the defendants, and plaintiff appeals. Affirmed.

G. A. Chappell, for plaintiff in error.

W. A. Sipe, Jr., and L. A. Maris, for defendant in error D. L. Naylor.

FOSTER, C. This action is to recover on a note in the sum of $6,000 in favor of the plaintiff, Eastman National Bank, and signed by each of the defendants. There was a dispute as to some of the facts, but it may be assumed, as contended for by plaintiff, that the proceeds of the note were for the benefit of an "unincorporated society," in which all the defendants were interested. The note was first signed by Pochel & Strahler, and afterwards signed by Naylor, who signed above the other two, but all signed as makers. The note was executed in the office of the unincorporated society. After the execution of the note, and before its delivery to the bank, and without the consent or knowledge of Naylor, and without the consent or knowledge of the plaintiff, the word "surety" was written after the names of Pochel & Strahler by one of the comakers of the note. Naylor is the only one making any defense, and he contends that the writing of the word "surety" was a material alteration, which made the note void as to him.

There are many assignments of error, but we think the instructions of the court, and plaintiff's requested instructions which were refused, clearly present the principal proposition: Does the writing of the word "surety," under the conditions as above stated, amount to a material alteration so as to make the note void as to Naylor, even though the alteration was made by one of the comakers?

Plaintiff contends that there was no material alteration sufficient to make the note void, for the reason that, under the laws of Oklahoma, the bank could sue one or all of the makers on the note, whether they signed as principal or surety, and each is liable for the full amount. Section 222, C. O. S. 1921; Peters v. Lindley, 88 Okla. 32, 211 Pac. 409; Johnson v. Cullinan, 94

Okla. 246, 221 Pac. 732; Prentice v. First Nat. Bank, 101 Okla. 232, 224 Pac. 963.

Plaintiff further refers to the case of Conqueror Trust Co. v. Simmon, 62 Okla. 252, 162 Pac. 1098, in which it was held that the mere detaching of a negotiable, promissory, note from a contract to which it was attached by perforation, is not a material alteration; and, also, to the case of Redfield v. Myrick (Kan.) 194 Pac. 648, where a note was raised from $1,400 to $1,425, and was held not to be a material alteration. However, the change in this case was clearly made to correspond to the intention of the parties.

From a careful reading of plaintiff's brief we find no cases in point, the argument of plaintiff being based principally upon the equitable proposition that, since the bank parted with its money in good faith, and the company in which all the defendants were interested received the benefits thereof, they were estopped from denying liability.

The defendants contend in their brief, among other things, that the Eastman National Bank being a payee, it could not be a holder in due course; and that any material alteration completely destroys the liability of the parties not assenting to the alterations, except as to holders in due course; and that the writing of the word "surety" after the names of the two makers, is a material alteration.

It is well settled by this court that the payee of a note cannot be a holder in due course. First Nat. Bank of Poteau v. Allen, 88 Okla. 162, 212 Pac. 597; Strother v. Wilkinson, 90 Okla. 247, 216 Pac. 436; Farmers State Bank v. Mowry, 107 Okla. 275, 232 Pac. 26; Rice v. Jones, 102 Okla. 30, 225 Pac. 958. That a material alteration completely destroys the liability of parties not assenting to the alteration, except holders in due course, appears to be well settled both by the decisions and by our statute.

Section 5083, C. O. S. 1921, is as follows:

"The intentional destruction, cancellation or material alteration of a written contract, by a party entitled to any benefit under it, or with his consent, extinguishes all the executory obligations of the contract in his favor, against parties who do not consent to the act."

The sole question, therefore, is whether or not, under the facts in this case, there was such a material alteration as would make the note void as to the defendant Naylor.

Sections 7794 and 7795, C. O. S. 1921, define "material alteration" as follows:

"Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration and subsequent indorsers. But when an instrument has been materially altered and is in the hands of a holder in due course not a party to the alteration, he may enforce payment thereof according to its original tenor."

"Any alteration which changes: First. The date; Second. The sum payable, either for principal or interest; Third. The time or place of payment; Fourth. The number of the relations of the parties; Fifth. The medium or currency in which payment is to be made; Or which adds a place of payment where no place of payment is specified, or any other change or addition which alters the effect of the instrument in any respect. is a material alteration."

It is well settled that the question of whether or not an alteration was made, is a question of fact for the jury. But as to whether or not the alteration is material, and sufficient to make void the instrument, is a question of law for the court.

To support their contention the defendants cite, among others, the following cases: Rice v. Jones, 102 Okla. 30, 225 Pac. 958; Farmers' Nat. Bank v. McCall, 25 Okla. 600, 106 Pac. 866; Commonwealth Nat. Bank v. Baughman, 27 Okla. 175, 111 Pac. 332; Richardson v. Fellner, 9 Okla. 513, 60 Pac. 270; Texas Pt'g. & Lithographing Co. v. Smith (Tex.) 14 S. W. 1074; Laub v. Paine, 46 Iowa, 550; Builders Lime & Cement Co. v. Weimer, 170 Iowa, 444, 151 N. W. 100.

In the case of Rice v. Jones, supra, the alteration was made by one maker of a note as to the amount, it being increased from $7,000 to $10,000, and this made the note absolutely void as to the other makers, even to the extent of $7,000, the original amount of the note. But in this case, the maker who changed the note, without the knowledge of the other makers, and without the knowledge of the payee, received all the benefit. The other makers were merely accommodation makers only.

In the case of Farmers Nat. Bank v. McCall, supra, the change was made by a party entitled to a benefit under the note. And in the cases of Commonwealth Nat. Bank v. Baughman; Richardson v. Fellner; Texas Pt'g. Co. v. Smith, and Laub v. Paine, supra, the alteration was made either by the payee himself, or his agent, or with the knowledge and consent of the payee.

While the facts in all of the above cases are different from the case at bar, it is the policy of our law not to allow any tamper-

ing with written instruments. Richardson v. Fellner, 9 Okla. 513, 60 Pac. 270. And, under the Oklahoma statutes, as well as the numerous decisions of our court, and the decisions in practically all of the jurisdictions, the true test of whether or not an alteration is a material alteration is whether, after the contract is altered, it is the same contract. Richardson v. Fellner, supra.

In 1 R. C. L. p. 996, it is stated as follows:

"A material alteration of a note made by one of the promisors before delivery, without the knowledge of the other promisor, makes the note void as against such other promisor, although the altering is done without the knowledge of the payee and without fraudulent intent."

This rule is supported by the following decisions: Draper v. Wood, 112 Mass. 315, 17 Am. Rep. 92; McGrath v. Clark, 56 N. Y. 34, 15 Am. Rep. 372; Flanigan v. Phelps (Minn.) 43 N. W. 1113.

Following this general rule, we believe that, even under the facts in this case, the note, after the adding of the word "surety," was a different contract than it was prior to that time. While under our law the payee may sue the principal, or any one of the sureties, either collectively or separately, yet the writing of the word "surety" changed the relationship of the parties to such an extent that it made Naylor, upon the face of the note, the principal obligor and liable to pay the entire amount, while in its original form, he would have been entitled to contribution from the other comakers, although the payee might have compelled him to pay the entire amount of the note.

In the case of Citizens State Bank v. Grant, 52 Okla. 256, 152 Pac. 1082, it was held that the change in a note of the payee from "Scott E. Winn" to "Scott E. Winn, President," was a material alteration that made void the note; and in the case of Benton v. Clemmons, 157, Ala. 658, it was held that an alteration which makes the instrument speak a different language in legal effect from what it originally spoke, which carries with it some change in rights, interest, or obligations of the parties, is a material alteration.

It has been repeatedly decided that the changing of a note so as to increase or diminish the liability, is not a test as to whether or not the alteration is material. Commonwealth Nat. Bank v. Baughman, supra.

The rule that "where one of two innocent persons must suffer, he who has put it in the power of another to do the wrong must bear the loss," has no application to cases where material alterations are made. Woods v. Stelle, 18 L. Ed. (U. S.) 725; McGrath v. Clark, supra.

Nor can it be contended in cases of this kind that a joint maker of a note, who delivers the note after he signs it to a comaker for the purpose of delivery to the payee, thereby makes the comaker his agent and must be bound by all the acts of the agent. It is true that he makes him his agent for the purpose of delivering the note, but not for the purpose of materially altering it, nor for doing anything that might amount to forgery. First Nat. Bank of Cushing v. Ketcham, 68 Okla. 104, 172 Pac. 81; Flanigan v. Phelps, supra.

We, therefore, hold that under the facts in this case the writing of the word "surety," after the name of two of the comakers of this note, by one of such comakers, without the knowledge and consent of the payee and before the delivery of the note, is such a material alteration as makes void the note as to the comaker not assenting.

There is some testimony in this record, tending to show that perhaps the bank knew of the change prior to the time it was made, but under our holding it is unnecessary to go into this proposition, and we believe that the court did not err in instructing the jury, that if a change was made, without the knowledge and consent of Naylor, the note was void as between Naylor and the bank.

For the reasons herein given, the judgment of the trial court is affirmed.

BENNETT, LEACH, REID, JEFFREY, HERR. and DIFFENDAFFER, Commissioners, concur.

By the Court: It is ordered.

Note.—See 2 C. J. p. 1178, §8; p. 1214, §73; 8 C. J. p. 730, §1011; 1 R. C. L. p. 996; 1 R. C. L. Supp. p. 304.