**NATIONAL AID LIFE ASS'N v. LONG.**

No. 25634. June 25, 1935.

Rehearing Denied Dec. 3, 1935.

Snyder, Owen & Lybrand, for plaintiff in error.

Robinson & Oden, for defendant in error.

PER CURIAM. The parties will be referred to as plaintiff and defendant, as in the court below.

On the 3rd day of September, 1929, the defendant issued to Carl E. Long a life insurance policy in the sum of $1,000, payable to Lucille Long, his wife, as beneficiary, in the event of his death. Carl E. Long died on the 23rd day of September, 1932. The defendant, operating as a life insurance

association on the fraternal plan, declined to pay the policy. The plaintiff herein, named as beneficiary in the policy, filed her petition in the district court of Jackson county, Okla., on the 12th day of February, 1933, for the amount of said policy. A copy of the application for membership and benefit certificate is attached to the petition and made a part thereof. Plaintiff alleges that all dues and assessments had been paid, and that said policy was in full force and effect at the date of his death. The defense was that plaintiff could not recover on said policy for the reason that the insured in his application for insurance made certain false and untrue statements, naming them.

The plaintiff denied generally each and all allegations of defense in defendant's answer.

The case was tried before a jury, resulting in a verdict for the plaintiff, and after motion for new trial was filed and overruled, defendant appeals.

The defendant is a mutual benefit life assurance association operating under the Oklahoma Statutes, section 10631, O. S. 1931, which provides as follows:

"Applicants for membership in mutual benefit associations shall be required to pass a medical or physical examination such as may be required by the by-laws of the association, or benefit certificates may be issued upon the warranty by the applicant that the answers and statements to the questions as to the conditions of health of the applicant, and all other representations made in the application for a benefit certificate are true and are to be used as the basis and consideration upon which said benefit certificate is issued; provided, that in addition to the answers and representations of the applicant for membership as herein provided, the applicant shall give the name and address of his or her family physician and shall furnish to the association a certificate of such physician, or, if applicant has no family physician, a certificate of a licensed physician, that he knows the applicant and believes that the applicant is a good insurable risk."

The defendant took advantage of this statute and secured a doctor's certificate from the family physician as shown by the evidence as revealed in the trial, where the following proceedings occurred:

Mrs. Merritt, being recalled to the witness stand, testified further on behalf of the defendant as follows:

"Direct-Examination.

"By Mr. Owen: Q. You are the same Mrs. Merritt who was on the witness stand this morning? A. Yes, sir. Q. Assistant secretary of the defendant association? A. Yes, sir. Q. Mrs. Merritt, I call your attention to the fact that on the back here appears a certificate signed by Maggie E. Parks. Do you know what, if any, relation Maggie E. Parks is to Carl E. Long, is? Mr. Robinson: It will be admitted that she is his mother-in-law. Q. All right, now, at the time this application was received and before it was accepted, I will ask you whether or not the association received from Mr. Long a certificate from any physician that he was in good health or a good risk for insurance? A. We received a certificate; yes, sir. Q. He did send you that certificate? A. Yes, sir. Q. Have you that certificate? A. Yes, sir. Mr. Owen: The instrument now handed me by the witness and so identified, we offer in evidence as Exhibit 'D'."

"Agent Parks. Physical Certificate regarding application No. 8-23-29 M. 2490

"To the National Aid Life Assn., for membership therein, and for benefit certificate made by the applicant named below.

"I, the undersigned licensed physician, certify that:

"(1) I have known the said applicant since about 1924.

"(2) Said applicant's age is about 36 (?) years.

"(3) Said applicant's family physician is myself.

"(4) The condition of applicant's health at the time is good and the applicant has no ailments, physical deformity, or mental disorder, except as follows: none.

"(5) In the past five years the applicant has been attended by C. W. Rose, 108 N. Elmwood, Kansas City, Mo., for tonsilitis acute (1925). Complete recovery.

"(6) In my opinion, the said applicant is a good risk for life insurance.

"(It is expressly understood that I make this certificate at the request of said applicant and that the cost thereof is borne by said applicant and not by the National Aid Life Assn.)

"(Signed)    C. W. Rose, M. D.

"Dated this 27 day of Aug.
"At Kansas City, State of Missouri.
"Detach here and return promptly.
"Please cash the check below promptly.
"Please fill in all spaces.

"Applicant's name and address, Carl E. Long

"318 S. Belmont

"Kansas City, Mo.

"(Car carpenter, R. I. R. R. Co.

9-3-29 Ac)

"Dear Doctor:

"Our prospective member, whose name appears on the reverse side of this form, refers us to you. We shall appreciate it if you will kindly answer all questions on the reverse side. Please sign and return the form to us in the enclosed return envelope at the earliest possible date. All information received from you will be held in strict confidence.

"The attached check is in full payment of fees for your services. Please detach and cash at an early date.

"Yours very truly,

"National Aid Life Assn.

"L. H. Houghton,

"Secretary.

"Recd. Aug. 29, 1929

"National Aid Life Assn.

"Medical Dept."

The object of this testimony is to show that the defendant sought the evidence which shows the question to be one of fact, and the evidence thus secured was against them.

The defendant sets out in its brief here on appeal as its first proposition that it was entitled to a peremptory instruction in its behalf.

On this question presented to the trial court on motion for peremptory instruction, in the case of Solts v. Southwestern Cotton Oil Co., 28 Okla. 706, 115 P. 776, our court has said:

"The question presented to a trial court on a motion to direct a verdict is whether, admitting the truth of all the evidence which has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn from it, there is enough competent evidence to reasonably sustain a verdict should the jury find in accordance therewith. Where the evidence is conflicting and the court is asked to direct a verdict, all facts and inferences in conflict with the evidence against which the action is to be taken must be eliminated entirely from consideration and totally disregarded, leaving for consideration that evidence only which is favorable to the party against whom the motion is leveled." Frick Reid Supply Co. v. Hunder, 47 Okla. 151, 148 P. 83; Richardson et al. v. Fellner et al., 9 Okla. 513, 60 P. 270; Moore v. First Nat'l Bank of Iowa City et al., 30 Okla. 623, 121 P. 626.

The question for us to determine is, Was there any competent evidence in this case reasonably tending to support the verdict and judgment in favor of the plaintiff? We have carefully read all the evidence in the case at bar, and in addition to the evidence quoted above herein, we find other evidence supporting her case, and that the evidence in this case is conflicting.

The question is also raised in this case upon the refusal of instruction offered by the defendant. The instructions to the jury are given by the judge of the court, under the law. The attorneys for defendant in this case offered certain instructions, but the court prepared instructions of its own and rejected the instructions offered by counsel for the defense. After examining the instructions offered by counsel for the defendant, we find that the instructions given by the court cover every point upon which proper instructions were asked and submitted by the defense. Our court has passed upon this matter often, and in the case of Atchison, T. & S. F. Ry. Co. v. Marks, 11 Okla. 82, 65 P. 996, our court has held:

"Instructions on points which have been sufficiently covered by other instructions may properly be refused, although they are correctly drawn and applicable to the evidence. This is so whether the instruction requested is covered by the general charge, or by special instructions granted at the request of either party, or whether the mode of expression is the same or different. Indeed, the practice of taking the instructions requested and formulating a general charge to the jury, has been especially commended."

The court committed no error in refusing the defendant's requested instructions.

The insured in this case was a World War veteran, and sometime after his return to the United States he married the plaintiff herein, and lived and resided with her until his death. After their marriage they lived in Kansas City, Mo., for many years and until after the policy of insurance herein sued upon was issued. The insured worked all those years as a car carpenter for railroad companies in Kansas City. Sometime after the issuance of this policy he was taken sick and entered the soldiers' hospital in Kansas City, from which place he was transferred to the soldiers' camp in the state of Colorado, where he later died with tuberculosis.

The question at issue was whether the insured had tuberculosis, or any other disease

set out in the application of the insured for insurance with the company of the defendant herein, at the time the policy was taken out. The evidence in the case is voluminous, but upon careful reading and consideration thereof, we find that there was competent evidence supporting both sides of the proposition, and the same being a question of fact, these questions were submitted to the jury and the jury found for the plaintiff. Under the decisions by our court, the verdict of the jury should not be disturbed.

In the case of Miller v. Miller, 167 Okla. 166, 29 P. (2d) 52, upon this proposition, our court held:

"If, therefore, there be a real conflict in the evidence as in this case, it is not for this court to weigh the evidence. It is only when this court can say as a matter of law that there is no competent evidence reasonably tending to support the verdict of the jury, that this court will, in a law case, set aside such verdict. In view of the evidence of plaintiff, we cannot say as a matter of law that there is no competent evidence reasonably tending to support the verdict in this case. The jury has, under instructions fairly stating the applicable law, returned its verdict for plaintiff. The trial court had all the witnesses before it and approved the verdict, and this court will not substitute its judgment for that of the jury as to which side has produced the preponderance of the evidence, for this question is one peculiarly and exclusively for the jury. Any other rule would destroy our system of the right of trial by jury."

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys J. L. Newhouse, J. L. Norman, and W. C. Alley in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. J. L. Newhouse, and approved by Mr. Norman and Mr. Alley, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.