## CATHEY v. MERCHANTS FINANCE CO.

No. 31438. April 4, 1944.

*147 P. 2d 790.*

Ogden & Wallace, of Ardmore, for plaintiff in error.

T. G. Gibson, of Ardmore, for defendant in error.

BAYLESS, J. Merchants Finance Company sued Mrs. Billie Cathey in a justice of the peace court of Carter county to replevin a certain chattel. Its right to replevin was based upon a special interest in the chattel by virtue of a note for $80 and a chattel mortgage. From a judgment in favor of the defendant, the plaintiff appealed to the district court of Carter county, and at the conclusion of the introduction of evidence in the district court the trial judge instructed the jury to return a verdict in favor of the plaintiff. Defendant appeals.

Defendant presents two propositions in her brief on the merits, but by a supplemental brief abandons the first proposition and we are left with but one to consider. She urges that it was error for the district court to instruct the jury to return a verdict in favor of the plaintiff.

It appears from the record that defendant purchased a sewing machine from one Duncan and executed the note to evidence the balance due and the chattel mortgage to secure the note. The note is dated December 8, 1939, and it is admitted that it was executed on that date. The note bears an assignment executed by Duncan to plaintiff of the date of December 8, 1939, and the plaintiff's uncontradicted evidence is that it received this note December 12, 1939, and purchased it December 16, 1939. There is sufficient evidence in the record to require the submission of the case to the jury upon the issues of fact of whether there was a failure of consideration for the execution and delivery of the note and chattel mortgage and whether the contract was procured from the defendant by fraud. However, these issues are immaterial if the plaintiff was a bona fide purchaser within the meaning of the Negotiable Instruments Law.

The record contains an exhibit which

is a letter written by plaintiff to defendant on December 16, 1939, the pertinent portion of which is:

"Your contract for the purchase of a sewing machine has this day been bought by us from your dealer.

"You will find enclosed a coupon book on the cover of which are shown balance and terms of payments. The Merchants Finance Company has bought your promise to pay this balance. If any mistake has been made, or if there is any reason why we should not expect payments as indicated, won't you please write us immediately, addressing your letter directly to our office."

And another exhibit which is a card written by defendant to plaintiff bearing postmark of January 1, 1940, with the following pertinent matter:

"To date the Company have not complied with their part of the agreement. I have written them after giving them ample time, so unless I get satisfactory results from them I will not be ready to make payments."

In addition to this defendant testified that she had received a letter from plaintiff advising her of its intention to purchase the note and asking her whether it was all right, to which she replied in the negative using language that would put a prospective purchaser on notice respecting the validity or bona fides of the note and chattel mortgage. She was examined and cross-examined at length on this correspondence, which she said (but was unable to fix date) occurred before the two exhibits above quoted from.

If her evidence in this respect was to be believed by the jury, it would be sufficient to support a finding by the jury that the plaintiff had notice of a character that would preclude its being a bona fide purchaser under the Negotiable Instruments Law before it purchased the note and chattel mortgage in question. In our opinion, the evidence that she gave was sufficient to make an issue of fact on this point, and for that reason it was error for the trial court to take the matter from the jury. Richardson v. Fellner, 9 Okla. 513, 60 P. 270,

and many other decisions found in Am. Dig. (West), Trial, Key Nos. 134 and 139.

The judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, HURST, DAVISON, and ARNOLD, JJ., concur.