# WILLIAM H. W. CUSHMAN *et al.*

### *v.*

## ILLINOIS STARCH COMPANY.

1.   BANKERS—*certificate of deposit is prima facie evidence of indebtedness.* In a suit against a bank, on the common counts, a certificate of deposit, signed by the teller of the bank and delivered to the plaintiff, when produced and proof made that it was signed by the proper officer of the bank, makes a *prima facie* case. The certificate is an acknowledgment that the bank had the sum of money specified therein, on its books, to the credit of the plaintiff, and the burden of proof is on it to show that it has in some way discharged the liability.

2.   SAME—*not authorized to transfer company accounts to private accounts of its treasurer, by private arrangement with him.* An arrangement made between the treasurer of a company and a bank with which the funds of the company are deposited, that all funds deposited to the credit of the company should be transferred to the private account of the treasurer, without any knowledge of, or participation therein by, the managers of the business of the company, is a mere private arrangement for the convenience of the treasurer, which would not authorize the bank to transfer funds to the credit of the treasurer for which it had issued a certificate of deposit to the company, and thus relieve itself of its liability to the company on such certificate.

3. OFFICERS OF CORPORATION —*private arrangements after their term of office expires.* Where, by private arrangement between a bank and the treasurer of a company depositing funds with it, all moneys, as soon as deposited by the company, were transferred to the private account of such treasurer as a matter of convenience to him, such arrangement, whether binding on the company, whilst the treasurer continued in office, or not, would not authorize the bank to transfer money deposited by the company to his private account after he ceased to be such treas- urer and his successor is elected, and whether he had notice of his suc- cessor's election or not, would be immaterial.

4. NOTICE *to officer of corporation of election of his successor.* Where the secretary of a company is also a stockholder, and a meeting of the stockholders is adjourned, on his motion, to a given day, and on that day his successor as secretary is elected, he will be presumed to have notice of such election.

5. Where a successor of the secretary of a company is elected at a meeting of the stockholders, and the secretary notifies his predecessor of the fact, through the postoffice, by letter directed to him at his usual place of residence, the notice is sufficient.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE D. MURPHY, Judge, presiding.

Messrs. MONROE, BISBEE & GIBBS, for the appellants.

Messrs. WILLIAMS & THOMPSON, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

Only one question arises on this record, and that has rela- tion to the liability of defendants for the money deposited in their bank on account of the Illinois Starch Company. A certificate of deposit, signed by the teller of the bank, was issued and delivered to plaintiff, and which is the basis of this action. The production of that certificate, with proof it was signed by the proper officer of the bank, certainly makes a *prima facie* case against defendants. It was an acknowledg- ment they had the sum of money specified in the certificate in their bank, to the credit of plaintiff, and the burden of proof was upon them to show they had in some way dis-

charged that liability. This, defendants have not done. An attempt was made to show that, while defendant Cushman was treasurer of the starch company, all deposits made to the credit of plaintiff. were immediately charged to his individual account, with the knowledge, or, at least, tacit consent of plaintiff, that the deposit in controversy was so made, and hence the banking firm composed of defendants is not liable for it.

The witness Lynch, who was the secretary and business manager of the starch company, denies that he had any knowledge of the manner in which the accounts were kept in defendants' banking house, and while it is true Harden states that he thinks he notified Lynch how the accounts were kept, we must regard the finding of the court as settling this controverted fact in favor of plaintiff. Certainly the evidence does not preponderate in favor of defendants. So far as it appears from the evidence, the manner of keeping the accounts was a mere private arrangement, for the convenience of Cushman, made between himself and the bank, which did not concern plaintiff, and of which it had no notice.

Whatever the arrangement may have been, it is apparent it must have terminated when Cushman ceased to be treasurer of the starch company, which was some days before the deposit in controversy was made. His successor was elected on the 16th day of May, and the deposit was not made until some time in June next ensuing. After he ceased to be treasurer, the bank had no authority from any one, whatever it may have previously had, to transfer the starch company's funds to the individual account of Cushman.

But it is said Cushman had no notice that his successor had been elected. How does that become a material question? The bank made the credit to the account of Cushman without authority from plaintiff, and it, therefore, assumed the responsibility of the act, and, if unauthorized, defendants would be liable for the deposit.

But, aside from this view, Cushman was a stockholder in the starch company, and it was upon his motion the meeting was adjourned to the day on which his successor was elected. He will be presumed to have had notice that his successor was elected at that meeting; but if any notice, in fact, was necessary, he was notified through the postoffice, by letter from the secretary of the company, directed to him at his usual place of residence, and that is sufficient. Notice to one member of the banking firm, must be regarded as notice to all the defendants.

There is no controversy that defendants received plaintiff's money on deposit in their bank, and, having shown no authority whatever for transferring it to the credit of Cushman, they are liable therefor, and the judgment must be affirmed.

*Judgment affirmed.*