### FIRST NATIONAL BANK OF CUSHING v. KETCHUM.

No. 8645—Opinion Filed April 9, 1918.

(172 Pac. 81.)

(Syllabus.)

**1. Banks and Banking—Action by Depositor—Pleading—Evidence.**

Where plaintiff brought an action against a bank to recover moneys deposited and the bank pleaded payment of said sum upon checks drawn by plaintiff and alleged that after same had been charged to plaintiff's account he claimed that a certain check had been forged by raising the amount thereof, whereupon the bank credited his account with the amount thereof and brought suit against the person who presented said check to recover the amount paid thereon, and alleged further that, if said check had been altered, said alteration was made possible by the negligent manner in which plaintiff had executed said check, held, that it was not error to permit plaintiff to testify as to the alteration made in said check.

**2. Same—Burden of Proof.**

In an action by a depositor against a bank to recover a balance due, where the bank pleads payment the burden is on the bank to show that the money deposited by plaintiff had been paid out on checks drawn by him.

**3. Alteration of Instruments — Effect.**

Where an instrument, when executed, is complete on its face and after delivery thereof by the maker is materially altered, it is annulled except as against a party who made, authorized, or assented to the alteration.

Error from District Court, Payne County; R. W. Higgins, Assigned Judge.

Action by H. R. Ketchum against the First National Bank of Cushing, Okla. There was a judgment for plaintiff, and defendant brings error. Affirmed.

John R. Hadley and Walter Mathews, for plaintiff in error.

Thomas A. Higgins and Sylvester J. Berton, for defendant in error.

HARDY, J. H. R. Ketchum commenced an action against First National Bank of Cushing to recover a balance due on certain deposits made by him and for damages for wrongfully protesting two checks which had been drawn by him against his account when sufficient funds were on deposit to pay said checks. The bank answered pleading payment of the deposit and set out in detail the checks paid by it which had been drawn by plaintiff against his account, among which was one check for the sum of $80, about which last-mentioned check this controversy hinges. Verdict and judgment were for Ketchum, and the bank appeals. The parties will be referred to as they appeared in the trial court.

The court permitted plaintiff, over objections by defendant, to testify that a certain check purporting to be for the sum of $80 which had been charged to his account by defendant had been altered after its execution and delivery by him, in that the amount thereof had been raised from 80 cents to 80 dollars, and this action of the court is urged as error for the reason, as counsel claims, there was no allegation in any of the pleadings tendering an issue as to the amount of said check. Defendant alleged in its answer that, after this check had been paid by defendant and charged against the deposit of plaintiff in the sum of $80, plaintiff objected to the charge and claimed the check had been raised from 80 cents to 80 dollars and that defendant thereupon credited plaintiff's account with the sum of $79.20, and entered into an agreement whereby an action was to be commenced against the person presenting said check for payment to recover said sum, and further alleged that if said check had been altered as claimed the alteration thereof was made possible through the negligence of plaintiff because of the manner in which said check was executed. Under these allegations the evidence was properly admitted.

The court instructed the jury that the burden was on defendant to prove that the check as paid by it was in the same condition as when drawn by defendant, and refused to instruct upon defendant's request

that the burden was on plaintiff to prove an alteration in the check.

The relation between plaintiff and defendant was that of debtor and creditor, and there being no controversy over the fact that plaintiff had deposited certain funds to his credit with defendant, defendant seeking to avoid a recovery by plaintiff upon the plea of payment, was charged with the burden of sustaining that plea by a preponderance of the evidence. Winton v. Myers, 8 Okla. 421, 58 Pac. 634; Edwards et al. v. Johnston-Larimer D. G. Co., 59 Okla. 101, 158 Pac. 446; Standard Fashion Co. v. Joels, 60 Okla. 195, 159 Pac. 846; Zane on Banks and Banking 291; 7 C. J. 668.

The defendant could not lawfully pay out moneys on deposit with it to plaintiff's credit except as directed by him, and in maintaining its defense of payment it was incumbent upon defendant to show that the checks upon which said moneys were disbursed, were drawn by plaintiff, and this it sought to do by showing a credit of $80 which had been paid out on a check which defendant claimed had been executed by plaintiff. It was not enough to show that the moneys had in fact been paid out, but it was necessary to go further and show that same had been paid out according to the directions of plaintiff, and that the checks for the payment of which credit was claimed were the checks of plaintiff. Cushman v. Ill. Starch Co., 79 Ill. 281; Harris v. Jacksonville Bank, 22 Fla. 501, 1 South. 140, 1 Am. St. Rep. 201; Zane on Banks and Banking, 291.

Irrespective of the question as to where lay the burden of proof, the evidence conclusively establishes the alteration of the check in controversy. The original instrument is before us, and an examination thereof establishes beyond any reasonable doubt that it has been altered as claimed. It was originally written in ink, and, at the end of the line opposite the name of the payee where the amount of the check is usually designated in figures, the maker had, according to his testimony, written the amount thus, "X80/100," and in the line where the amount was written out, stated the amount thus, "only eighty cents." The check as it now is, and was at the time of its payment, shows the original writing to have been retraced with an indelible pencil, and opposite the name of the payee, where the amount was designated as above stated, same had been changed to read "$80.00," and on the line where the words "only eighty cents" were written the words "only" and "cents" have been erased, leaving the word

"eighty" in writing, and at the right end of the line appears the word "dollars," which is a part of the blank printed form on which the check was written. Where the word "only" was erased, a hole plainly appears in the paper, and where the word "cents" was erased the paper is much thinner, and upon being held up to the light shows plainly that an erasure has been made, and where the figures $80.00' now appear an erasure also is plainly shown to have been made. There cannot be any reasonable doubt that the check has been materially altered, and the testimony of plaintiff that the alteration was made after its execution and delivery by him is uncontradicted, and, even if the court committed error in its instructions as to the burden of proof, we would not reverse the case for that reason.

Defendant claims that plaintiff was negligent in drawing the check, and thereby made it possible for the alteration to be made, and for that reason is not entitled to recover, and that the court committed error in instructing the jury that the fact whether or not the check was negligently drawn was not to be considered by them. The negligence alleged is said to consist in the failure of plaintiff to draw a line through or erase the dollar mark at the end of the line where the amount of the check was designated in figures and in failing to erase the printed word "dollars" at the end of the line where the amount of the check was written in words, and because of his failure to do this it was made possible for the person altering the check to make the erasures hereinbefore described and leave the check in its present condition. The rule urged has frequently been applied where an instrument was executed leaving certain blanks therein which were afterwards filled out in such manner as to leave no mark or indication of an alteration therein; but the distinction between an instrument executed in blank as to the date, the name of the payee, or the amount when signed and delivered to another for use, and with authority to fill in blanks thus left, and an instrument complete on its face when signed and delivered in which material alterations have been made is emphasized in many of the cases. In the latter case there is no implied authority to change the instrument as delivered, and the negligence of the maker under such circumstances cannot be said to cause the loss which required the commission of a crime by another to effect. Where the maker of an instrument carelessly leaves blank spaces therein which he intrusts to another to fill, and that other person disobeys instructions and fills up the

space for a larger amount, the rule may well be invoked, for the loss occasioned thereby is the natural and probable result of his negligence and should have been foreseen by him; but, on the other hand, when a person executes an instrument complete in itself, though unskillfully drawn, he should be protected from its alteration by forgery in any manner, for he has as much right to presume that the holder thereof will not commit the crime of forgery by its alteration as there is for others to presume that it has not been so altered. This rule has been declared in this state by statute. Section 4174, Rev. Laws 1910, provides as follows: .

"Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized, or assented to the alteration, and subsequent indorsers. But when an instrument has been materially altered and is in the hands of a holder in due course not a party to the alteration, he may enforce payment thereof according to its original tenor."

The alteration is palpable, and the most ordinary examination of the check upon the part of the bank would have revealed it. It was discredited on its face by its very appearance at the time the bank took it, and, instead of the plaintiff being negligent, the evidence convinces us that the bank was extremely careless in paying this check in the condition it was when it was presented, and is not in a position to say that its loss was occasioned by any negligence of plaintiff.

The holding a maker bound by an altered instrument, when he was not negligent in its execution, is in effect to say that the crime of forgery was committed under implied authority from him and renders him liable upon a contract which he never executed, authorized, nor ratified, and places upon him the burden of anticipating and guarding against the many and devious ways by which the crime of forgery is committed. The great weight of authority rejects this view and holds in line with our statute above quoted that a material alteration in a negotiable instrument after its execution and delivery as a complete contract avoids it except as against parties consenting to the alteration. This doctrine rests upon the sound principle that parties are only liable on their contracts as made and entered into by them in the absence of ratification or estoppel. Greenfield Savings Bank v. Stowell et al., 123 Mass. 196, 25 Am. Rep. 67; Holmes v. Trumper, 22 Mich. 427, 7 Am. Rep. 661; Knoxville Nat. Bank v. Clark, 51 Iowa, 264, 1 N. W. 491, 33 Am. Rep. 129; Fordyce v.

Kosminski, 49 Ark. 40, 3 S. W. 892, 4 Am. St. Rep. 18; Burrows v. Klunk, 70 Md. 451, 17 Atl. 378, 3 L. R. A. 576, 14 Am. St. Rep. 371; Goodman v. Eastman, 4 N. H. 455; Exchange Nat. Bank v. Bank of Little Rock, 58 Fed. 140, 7 C. C. A. 111, 22 L. R. A. 686.

The judgment is affirmed.

All the Justices concur.