DAVIS MERCANTILE COMPANY, A CORPORATION, *Appellant*, v. D. C. GILLETT, *Appellee*.

Opinion Filed November 4, 1921.

Petition for Rehearing Denied November 25, 1921.

1. A promissory note in the hands of the original payee is subject to all equitable defenses to which the maker is entitled, even though the original payee had transferred the note before maturity in due course to a *bona fide* holder and afterwards acquired it again from such holder, unless the maker's equities arose from transactions between him and the first transferee before maturity of the note.

2. The sufficiency of an averment setting up an affirmative defense in an answer to a bill to foreclose a mortgage lien may under Chapter 6907, Laws of Florida, 1915, be tested by a motion to strike such averment.

3. The breach of a parol agreement existing between the maker of a promissory note and the payee not in his individual capacity, but in a representative capacity as officer of a corporation having no interest in the execution of the note is not the proper subject of a set off or counter claim in a suit by the payee of the note to foreclose a mortgage given to secure its payment.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Order affirmed.

*W. D. Davis*, for Appellant;

*Gibbons & Gibbons*, for Appellee.

ELLIS, J.—This is an appeal from an order striking certain portions of the defendant's answer to a bill of complaint for the enforcement of a mortgage.

D. C. Gillett exhibited his bill in the Circuit Court for Hillsborough County against the Davis Mercantile Company for the enforcement of a mortgage which that Company on the 2nd of April, 1917, executed and delivered to D. C. Gillett and George V. Booker to secure the payment of the sum of $3,000 evidenced by two promissory notes for the sum of $1,500 each payable on or before one and two years after date respectively. The notes bore the same date as the mortgage which was upon certain property in Hillsborough County and described according to lot numbers of a certain subdivision particularly described in the instrument.

It was alleged that the note falling due one year after date was paid in full and the sum of $120 and interest to 1919 had been paid upon the second note. The bill alleged that on the 22 of October, 1917, George V. Booker and the complainant, Gillett, transferred and assigned the notes and mortgage to the Bank of Ybor City and that about two years afterwards, on the 4th of October, 1919, the Bank of Ybor City transferred and assigned to the complainant, Gillett, the mortgage and all moneys due on notes secured thereby. It was alleged that the second note for $1,500 had long since been due and no part of it paid except the sum of $120 paid on the principal on the 10th day of June, 1919, and interest up to April, 1919. That in February, 1920, after a bill of complaint had been filed to enforce said mortgage the Davis Mercantile Company exercised it's right provided for in the mortgage to have certain lands released from the lien and effect of said mortgage as payments were made upon the debt. That the complainant

received said demand on the 25th of February, 1920, and immediately prepared a good and sufficient release according to the requirements of the Davis Mercantile Company and delivered the same to W. D. Davis, the President of the Company. The bill prays that the amount remaining due upon the last promissory note be ascertained, that the defendant be required to pay the sum and in default that the property described in the mortgage, except that which had been released from the lien, be sold to satisfy the debt, principal, interest, attorney's fees and court costs.

The mortgage which was attached to the bill of complaint and made a part thereof contains a provision to the effect that the mortgagees would release any part of the lands described in said mortgage upon the payment to them of the sum of $20.00 per acre for the lands so released which payments were to be credited on the promissory notes which the mortgage was given to secure. The defendant in February, 1920, had paid about $1,620 upon the debt and about that time requested of the complainant the release of eight lots which comprised about eighty acres of land.

The defendant answering the bill of complaint in the first paragraph denied that the complainant became the owner of the note and mortgage in due course before maturity and without notice of the defendant's equitable rights and avers that the note and mortgage had been assigned to the complainant through collusion, conspiracy and deceit a long time after maturity and with notice of the complainant's equitable rights as set forth in the answer, and it was averred that the complainant had not offered to satisfy the defendant's equitable demands. This paragraph was stricken.

All of paragraphs three, five, seven, eight, nine, ten, and eleven which purported to recite the facts and the circum-

stances which the defendant conceived as constituting his defense to the enforcement of the mortgage were stricken by the court upon a motion by the complainant who directed his motion to each paragraph separately and the court ruling thereon directed it's order to each paragraph attacked and indicated by appropriate words the language in each paragraph that should be stricken.

The defendant appealed from this interlocutory order and assigned four errors, which taken together constitute one assignment of error in which the different rulings of the court on the separate paragraphs of the answer are grouped. The averments in the first paragraph of the answer that the complainant acquired the note and mort-- gage subject to whatever defense the defendant might interpose to the note because of Gillett's alleged collusion and deceit in the method of obtaining the note and mortgage from the bank are impertinent and insufficient because, being the original holder of the note from the Davis Mercantile Company, it was subject to such defense in his hands unless the defendant's equities arose out of transactions with the bank to whom Gillett and Booker originally assigned it before the maturity of the note.

The defense interposed was an affirmative one and the motion to strike it was made upon the authority of Section 3, Chapter 6907 Laws of Florida, 1915. See Szabo v. Speckman, 73 Fla. 374, 74 South, Rep. 411; 3 R. C. L. 1036.

The defense interposed by the Davis Mercantile Company, which is set forth with much prolixity, covering about ten pages of typewritten matter, seems to rest upon a verbal agreement which W. D. Davis, the president of the Davis Mercantile Company, had with Booker and Gillett, the original pages of the note in which Gillett having

obtained an option from Davis for the purchase of certain lands and having paid $500 for it, not desiring to exercise the option and yet save to himself the $500 which he had agreed to pay for it, promised to lend to Davis $3,000 upon the property if Davis would return the $500 paid for the option. Davis agreed, considering that as Gillett was president of the Tampa Southern Railroad Company then engaged in constructing a railroad that would pass through or adjacent to the property described, and would make "reasonable concession" in the way of locating a depot, siding and spur-track upon the property. That pursuant to this agreement Davis and the Mercantile Company released Gillett from the $500 obligation and Gillett and Booker loaned to the Davis Mercantile Company $3,000 taking its notes and mortgage therefor. It is averred that Booker and Gillett did not comply with this verbal agreement because they did everything possible to depreciate the value of the said lands of W. D. Davis that he had before promised to enhance in value and in likewise the lands of the Davis Mercantile Company.'' That while the rail road was constructed, that the company was slow in locating the depot, and then caused it to be located in an almost inaccessable location and that Gillett tried to have the name of the station changed, and various other transactions it was averred he was guilty of, resulting in a depreciation of the value of the defendant's lands.

It was also averred that the Mercantile Company applied to the Bank of Ybor City for the release of certain of the lots embraced in the mortgage on account of the money which had been paid on the two notes in accordance with the provisions contained in the mortgage to that effect, and the bank refused to make the release, the consequence of which, it was averred, the Davis Mercantile Company

suffered loss. These averments are repeated throughout the answer in the different paragraphs, and constitute those portions of the paragraphs that were stricken. There remained in the answer, however, that portion of paragraph ten which set up the defense that the release of the lots from the lien of the mortgage had not been made in the manner as alleged in the bill, but only after there had been a refusal on the part of the complainant to comply with the defendant's request, and after by reason of such failure, the defendant had sustained loss.

The defense set up in that portion of the answer which was stricken was not sufficient because it rested upon a contemporaneous parole agreement between Davis and the railroad corporation as represented by Gillett, its president, for the breach of such alleged agreement the Davis Mercantile Company seeks satisfaction in damage as an offset against the note in the hands of Gillett, the individual. The defense tendered was insufficient in substance and presented in a complicated and uncertain form in which recitations of alleged facts evidentiary in character are woven into the averments along with ultimate facts which are supposed to constitute the defense. Placing upon the averments of the answer the most favorable interpretation, we are of the opinion that it constituted no defense to the enforcement of the mortgage, and was properly stricken upon motion.

The order of the Chancellor is therefore affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.