## RICE et al. v. JONES.

No. 12941—Opinion Filed May 7, 1924.

(Syllabus.)

**1. Bills and Notes — Alteration of Instruments—Effect—Holders in Due Course.**

Under section 7794, Comp. Stat. 1921, the material alteration of a negotiable instrument avoids it, except as to the party assenting thereto together with subsequent indorsers. Such instrument in the hands of a holder in due course not a party to such alteration may be enforced according to its original tenor.

**2. Same—Payee as Holder in Due Course.**

The payee of a negotiable instrument is never a holder in due course within the purview of above section.

**2. Same—Payee as Holder in Due Course.**

Any material change in the tenor of an instrument made by a party thereto is an alteration within the meaning of the statute and will avoid it as to all makers not assenting thereto.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by H. F. Jones against Lola Rice et al. on a promissory note for $10,000 and to foreclose a mortgage on certain real estate securing same. Judgment for plaintiff, and defendants bring error. Judgment affirmed as to Lola Rice, as administratrix of the estate of O. J. Rice, deceased, and reversed as to Lola Rice, H. F. Witt, and Elizabeth Witt, with direction to proceed in accordance with the opinions herein expressed.

Twyford & Smith and Leo G. Mann, for plaintiffs in error.

Wright, Blinn & Gilmer, for defendant in error.

WARREN, J. This is an appeal from the district court of Oklahoma county wherein H. F. Jones, as plaintiff, brought suit against Lola Rice, Lola Rice as adminsitratrix of the estate of O. J. Rice, deceased, F. H. Witt, Elizabeth Witt, E. M. Jones, and Fred T. Dennis, Bank Commissioner, on a promissory note for $10,000 and to foreclose a mortgage on property described in such mortgage securing such note. Plaintiff alleged the execution of the note by O. J. Rice, Lola Rice, and Elizabeth Witt: the execution

of a mortgage by the same defendants covering certain property described therein; the death of O. J. Rice and the appointment of Lola Rice as administratrix of his estate; the presentment and rejectment of claim for said note to said administratrix; that E. M. Jones, Bank of Jones, and Fred Dennis, as Bank Commissioner, claimed some interest in the property, the exact nature of which was to plaintiff unknown. Plaintiff further prayed personal judgment against the makers of the note and for foreclosure of the mortgage.

Defendant Lola Rice answered, admitting the execution of a note for $7,000 on the same date as the note sued on, such note being executed for the accommodation of O. J. Rice, and she denies securing any benefits thereunder. She also admits executing a mortgage for a like amount on the property involved. She alleges the note was materially altered after her signature in that the sum of $7,000 was erased and $10,000 substituted therefor without her consent, and further alleges the mortgage was also altered. The answers of Lola Rice, administratrix Elizabeth Witt, and F. H. Witt are similar.

Replies were filed to various answers, denying such allegations and alleging payment of full amount of $10,000 to O. J. Rice on said note and mortgage.

There were other parties and other issues, but a statement of their contentions is not material to a decision of all the issues before this court.

By verdict of the jury plaintiff recovered for $7,000 as against Lola Rice, F. H. Witt, and Elizabeth Witt, and by judgment of court for $10,000 as against Lola Rice as administratrix of the estate of O. J. Rice, deceased.

The plaintiffs in error, Lola Rice, F. H. Witt, and Elizabeth Witt, complain of the action of the trial court in giving instructions Nos. 8, 9, and 10, which are as follows:

"8th. You are further instructed that if you find and believe from the evidence in this case that the plaintiff, H. F. Jones, took the note in question in good faith and for value and had no notice of any infirmity in the instrument or defect in the title of the persons making it and that it was complete and regular upon its face, he was in law what is termed a holder in due course.

"9th. You are further instructed, gentlemen of the jury, that the original payee named in a negotiable instrument is, to the same extent as a subsequent indorsee, entitled to the protection due to a bona fide holder against all defenses of which he had no notice at the time of receiving the paper, and if you believe from a preponderance of the evidence that at the time plaintiff took the instrument sued upon in this case said instrument was complete and regular on its face; that he became the holder thereof before it was overdue; that he took it in good faith and for value and that at the time it was negotiated to him he had no notice of any infirmity in the said instrument or defect in the title of the person negotiating it to him, then you shall find for the plaintiff.

"10th. You are further instructed, gentlemen of the jury, that where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized, or assented to the alteration and subsequent indorsers. But you are further instructed that when an instrument has been materially altered and is in the hands of a holder in due course not a party to the alteration, he may enforce payment thereof according to its original tenor, and although you may believe from the evidence that the instruments sued on in this case by the plaintiff were materially altered by being raised from $7,000 to $10,000, and although you may believe from the evidence that neither Lola Rice, F. H. Witt nor Elizabeth Witt made, authorized, or assented to such alteration, yet, if you further believe from the evidence that the plaintiff, H. F. Jones, was a holder in due course, as defined by instruction No. 7, of said instrument, and that he was not a party to the alteration of said instrument, if any was made, then you are instructed that said plaintiff is entitled to a verdict against the said defendants Lola Rice, F. H. Witt, and Elizabeth Witt for the original amount of said note."

The determination of the questions in these instructions involves a construction of sections 7794 and 7795, Comp. Stat. 1921, which are as follows:

"7794. Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized, or assented to the alteration and subsequent indorsers. But when an instrument has been materially altered and is in the hands of a holder in due course not a party to the alteration, he may enforce payment thereof according to its original tenor.

"7795. Any alteration which changes:

"First. The date;

"Second. The sum payable, either for principal or interest;

"Third. The time or place of payment;

"Fourth. The number or the relations of the parties;

"Fifth. The medium or currency in which payment is to be made:

"Or which adds a place of payment where no place of payment is specified, or any other change or addition which alters the effect of the instrument in any respect, is a material alteration."

The trial court in construing section 7794, as shown in the above instructions, followed the theory that a payee could be a holder in due course as well as one to whom the paper had been negotiated and transferred for value from such payee. The defendant in error in a very ingenious argument, citing very respectable authorities, contends that a payee may be a holder in due course. He takes the definition of holder as set out in section 7665 and couples it with the definition of holder in due course as set out in section 7722, the former defining holder as a payee or indorsee and the latter defining a holder in due course as one becoming holder before overdue without notice, taken in good faith for value, and having no notice of infirmity in the instrument or defect in the title.

Defendant in error in support of this reasoning cites cases from New York, Illinois, Massachusetts, Vermont, and Texas as follows: Brown v. Rowan, 154 N. Y. Supp. 1098; Liberty Trust Co. v. Tilton (Mass.) 105 N. E. 605; Security Bank Co. v. Foster (Tex.) 249 S. W. 227; Bank v. Wilson (Vt.) 120 Atl. 889; Drumm Const. Co. v. Forbes (Ill.) 137 N. E. 225. These cases uphold the contention that a payee may be a holder in due course under the uniform Negotiable Instruments Acts.

The plaintiffs in error, to sustain their theory that a holder in due course must be a stranger to the original transaction, cite cases from Iowa, Missouri, Washington, Oregon, South Dakota, Kentucky, Tennessee, North Carolina, and Florida as follows: Builders' Lime & Cement Co. v. Weimer (Iowa) 170 Pac. 444, 151 N. W. 100, Ann. Cas. 1917C, 1174; Vander Ploeg v. Van Zunk, 135 Iowa, 350, 112 N. W. 807, 13 L. R. A. (N. S.) 490, 124 Am. St. Rep. 275; St. Charles Savings Bank v. Edwards, 243 Mo. 553, 147 S. W. 978; Long v. Mason, 273 Mo. 266, 200 S. W. 1062; Bowles Co. v. Charles Clark, 59 Wash. 336, 109 Pac. 812, 31 L. R. A. (N. S.) 613; Bank of Gresham v. Walch. 76 Ore. 272, 147 Pac. 534; Britton Milling Company v. H. J. Williams, 44 S. D. 464.

184 N. W. 265, 21 A. L. R. 1352; Tripp State Bank v. Jerke (S. D.) 188 N. W. 314; Southern National Life Realty Co. v. Bank, 178 Ky. 80, 198 S. W. 543; Fox v. Cortner, 145 Tenn. 482, 239 S. W. 1069, 22 A. L. R. 1341: Woods v. Finley, 153 N. C. 497, 69 S. E, 502; Davis Mercantile Co. v. Gillette, 82 Fla. 340, 90 South. 189. While the cited cases holding that a payee may under certain circumstances be a holder in due course are excellently reasoned, yet we are confronted, first, by the fact that the weight of authority seems to be to the contrary; and, second, that without reference to the weight of authority or excellence of the reasoning this court has already held with the contentions of plaintiffs in error.

In the case of First National Bank of Poteau v. Allen, 88 Okla. 162, 212 Pac. 597, this court said:

"Under the Negotiable Instruments Law (section 4102, Rev. Laws 1910) the payee in a promissory note cannot be a holder in due course."

This case was followed in Strother v. Wilkinson, 90 Okla. 247, 216 Pac. 436, in which case the court particularly referred to the line of cases taking a contrary view. In view of these two decisions and in view of the further fact that the doctrine they announce is supported apparently by the weight of authority, if not the most excellent reasoning, we are constrained to follow the principal therein declared to be the law.

The sections herein construed are a part of the Negotiable Instruments Law which was enacted by the Legislature and approved March 20, 1909. In this identical form it is the law in practically every state of the Union. Its enactment in such form was urged in order that there might be uniformity in this most important law throughout the land. Prior to its enactment the statutes and decisions were in hopeless conflict. It was formulated after long and careful study in an attempt to make it simple, accurate, and just. A uniformity of decisions is quite as important and desirable as a uniformity of statutes. Especially is this true in a single jurisdiction. There are thousands of transactions daily involving the very principles herein discussed. It is very important that the law be settled and the business world know just what to consider in transactions concerning bills and notes. The common acceptance of the meaning of the word "course" contemplates a sequence of events or a succession of acts connectedly followed, and a holding that one act or transaction

between maker and payee may be in a "course" is a strained construction of the word.

We are, therefore, of the opinion that the trial court erred in giving the instructions complained of and above set out.

It is shown in this case that the note was originally executed by all the makers for the principal sum of $7,000; that after the signatures the amount was changed to $10,000 and was then delivered to the defendant in error, H. F. Jones, who paid the said O. J. Rice the full consideration therefor. Defendant in error claims this was a spoliation and not an alteration, and ' therefore he should be entitled to recover in accordance with the original tenor of the contract. Under the testimony it would be absurd to contend that the alteration was made by another than O. J. Rice. There is no testimony to sustain such a theory; it could not even support a conjecture. This court has frequently held that the material alteration of an instrument avoids it, except as to those assenting to such alteration. This was an alteration, not a spoliation, and was avoided as to all parties thereto except O. J. Rice. First National Bank of Cushing v. Ketchum, 68 Okla. 104, 172 Pac. 81; Richardson v. Fellner et al., 9 Okla. 513, 60 Pac. 270.

The plaintiff in error Lola Rice, as administratrix, complains of the action of the trial court in rendering judgment against her as such administratrix without the aid of a jury.

There was no proper issue between the parties as to' the indebtedness of O. J. Rice to H. F. Jones. There was no testimony upon which a verdict for Lola Rice as such administratrix could have been based. Under these circumstances it is immaterial whether the trial court rendered or directed a verdict, and the judgment as to Lola Rice as such administratrix was not erroneous.

The judgment of the trial court will be affirmed as to Lola Rice as administratrix of the estate of O. J. Rice, deceased, and will be reversed as to Lola Rice, F. H. Witt, and Elizabeth Witt, with directions to proceed in accordance with the opinions herein expressed.

JOHNSON, C. J., and HARRISON, LYDICK, and GORDON, JJ., concur.