Billy PITTS and J. W. Pitts,
Plaintiffs in Error,

v.

The FIRST STATE BANK OF CADDO, Oklahoma, a corporation, Defendant in Error.

No. 40281.

Supreme Court of Oklahoma.

Nov. 26, 1963.

Rehearing Denied Dec. 20, 1963.

Application for Leave to File Second Petition for Rehearing Denied April 7, 1964.

As Corrected April 7, 1964.

King & Wadlington, by Carloss Wadlington, Ada, for plaintiffs in error.

Paul & Montgomery, Priscilla W. Utterback, Durant, John L. Boland, Caddo, for defendant in error.

HALLEY, Vice Chief Justice.

Billy Pitts and J. W. Pitts, plaintiffs below, brought this action against The First State Bank of Caddo, Oklahoma, a corporation, and William Lewis (Bill) Young, defendants, to recover the sum of $4,680, because of the alleged raising and altering of plaintiffs' check from $520 to $5,200. When the action was commenced Billy Pitts was sole plaintiff, but at trial the petition was amended to join J. W. Pitts as a party plaintiff. This amendment alleged "that the money in the bank account of Billy Pitts at The First State Bank of Caddo was really the money of J. W. Pitts who was carrying the bank account in the name of his son, Billy Pitts; and that in the

handling of said account that Billy Pitts signed the checks but J. W. Pitts filled in the checks over the signature of Billy Pitts, and the action is brought for the benefit of J. W. Pitts." Billy Pitts did not testify at the trial and the testimony of J. W. Pitts supported these allegations of the amendment that J. W. Pitts was the real party in interest.

At the conclusion of all of plaintiffs' evidence certain motions and orders were made. Defendant Young was in default and judgment was entered in favor of plaintiffs and against Young in the amount of $2,162.50. The evidence had showed that Young had paid back to plaintiffs the sum of $2,517.50. Young has not appealed and no further reference will be made to the judgment against him. The First State Bank of Caddo, hereafter called the bank, demurred to plaintiffs' evidence and asked for judgment in its favor for the reason that plaintiffs' evidence failed to state a cause of action against the bank. This demurrer was sustained and judgment was entered in favor of the bank and against the plaintiffs. Plaintiffs' motion for new trial was overruled and they appeal.

Plaintiffs argue only one proposition. They assert that the trial court erred in sustaining the bank's demurrer to plaintiffs' evidence and in rendering judgment for the bank. Plaintiffs rely principally upon the case of First Nat. Bank of Cushing v. Ketchum, 68 Okl. 104, 172 P. 81, L.R.A. 1918F, 958, wherein we held in the third paragraph of the syllabus:

> "Where an instrument, when executed, is complete on its face and after delivery thereof by the maker is materially altered, it is annulled except as against a party who made, authorized, or assented to the alteration."

We must examine the evidence in order to determine the validity of plaintiffs' argument. The check in issue was introduced into evidence by plaintiffs. All of the evidence is to the effect that it had the same appearance at the time the bank took it that it had at the time of trial.

Our first inquiry concerning the check is whether an ordinary examination by the bank would have revealed a palpable or readily visible alteration of the amount of the check. First Nat. Bank of Cushing v. Ketchum, supra. The check shows that the handwritten figures in the upper right hand corner of the check were $5200.00. The written amount was imprinted by what plaintiff, J. W. Pitts, referred to as a "check writer" or "check protector" as follows:

"THE SUM 5200 dols 00 cts."

■ One of plaintiffs' witnesses was a document examiner for the State Bureau of Investigation. He stated that upon examination of the check by several different magnifying glasses and a microscope he could discern that the final "0" in the dollars section of the handwritten "5200/00" was made by a different ball point pen than the other handwritten numbers. Plaintiff, J. W. Pitts, and one other witness testified that, after looking at a picture of the check which the bank had taken and kept in their regular business records, the president of the bank stated in their presence that the check had been tampered with. However, none of these witnesses testified that the check itself, without the use of special equipment or pictures, gave any appearance of having been altered or changed and we find none. The bank had the right to look upon the written amount as confirmation of the amount which plaintiffs ordered it to pay. 48 O.S.1951 § 37. Therefore this evidence was not sufficient to charge the bank with liability to plaintiffs for taking a check with notice that it may have been materially altered. Weiner v. Chase Nat. Bank, 142 Misc. 124, 253 N.Y.S. 203.

Our next inquiry is whether the rule which we quoted above from the syllabus of First Nat. Bank of Cushing v. Ketchum, supra, is applicable to this case. In this connection, we must determine whether the check was complete on its face and then, after delivery by the maker, was materially altered. The only testimony on this aspect of the case was by plaintiff, J. W.

Pitts. His testimony was that he was sitting at his desk in his office writing in the blanks on the check (which had been signed prior thereto by Billy Pitts) and Bill Young, the payee, was standing next to the desk. J. W. Pitts wrote the payee's name, the amount $520.00 in handwriting in the upper right hand corner, and part of the date before his telephone rang. While Pitts was engaged in the telephone conversation he heard the check writer click. His testimony, on direct examination, of the next immediate events was:

" * * * and I looked up and [Young] just was going out the door —just had started out the door and he held the check up and said, 'I finished out the check for you.', just flashed it up like that and went out the door. * * * "

On cross-examination Pitts related it as follows:

" * * * and when I heard the check writer click I just looked up and Bill Young was there and he had the check in his hand like this and just waved it up like this, said, 'You're busy, and I'm in a hurry. I filled the check out.' *Completed the check."* (Emphasis ours.)

\* \* \* \* \* \*

"Q. And where was Billy Young standing?

"A. He was standing over by the west corner of the desk.

"Q. Well, how far would that be from the check writer?

"A. He was standing I'd say two (2) feet.

"Q. Two (2) feet from the check writer. And you heard the check writer click?

"A. Yes, sir.

"Q. And did you ask Billy that you wanted to see the check?

"A. I was concentrating on the phone call and he just held the check up just like that.

"Q. When he went out I believe he told you he was in a hurry and that he had written the check out. Did you tell him you wanted to see it?

"A. No, sir, I didn't. I should have, but I didn't.

"Q. You just let him walk on out?

"A. I was concentrating on the phone call."

Pitts also testified that at that time and for about six months before, he had usually used the check writer on the checks he wrote at his office. His testimony as to this was:

"Q. * * * What was your procedure in September, 1959?

"A. Well I wrote the check out and went ahead and put it in the check protector—I would have if I'd had time if the phone hadn't rung.

"Q. You would have put it in the check protector and put on it the amount you intended the check to be, wouldn't you?

"A. Yes, sir."

■ We believe that from this clear and positive evidence, there being no conflicting evidence, the conclusion is inescapable that the check was not complete until the written amount had been printed on it by the check writer and that it was not delivered to Young until such was done. By his own testimony as to his acts, and in the surrounding circumstances, the plaintiff, J. W. Pitts, assented to the use of the check writer by Young and is chargeable with the amount Young wrote thereon. Thus, the amount paid by the bank from plaintiffs' checking account was properly paid from that account. First Nat. Bank of Cushing v. Ketchum, supra; Rice v. Jones, 102 Okl. 30, 225 P. 958.

■ Since J. W. Pitts was the plaintiff who was the real party in interest he was the party who had the cause of action. Billy Pitts was not a necessary party to this action. He had no interest in the subject matter of the action, nor in the relief de-

manded. Helmerich & Payne, Inc. v. Keeney, 178 Okl. 32, 61 P.2d 709. Therefore, there is no need to consider whether Billy Pitts authorized and assented to Young's use of the check writer and the amount written on the check.

■ In Arrington v. Young, Okl., 366 P.2d 400, we held in the fourth paragraph of the syllabus:

"Where there is no competent evidence reasonably tending to support the plaintiff's case, the judgment of the trial court, sustaining a demurrer to plaintiff's evidence, will not be reversed."

The trial court did not err in entering judgment against plaintiffs and in favor of the bank in the instant case.

Affirmed.

WELCH, JOHNSON, JACKSON and IRWIN, JJ., concur.

WILLIAMS and BERRY, JJ., dissent.