## WESTERN SILO CO. v. KNOWLES.

No. 13872—Opinion Filed Jan. 30, 1923.

(Syllabus.)

**1. Alteration of Instruments—Note—Evidence—Presumptions.**

Where there is testimony tending to show that a material alteration was made in a promissory note, without the consent of the maker, it is then presumed that the alteration was made by the party producing it and offering it in evidence.

**2. Same—Effect of Alteration.**

The material alteration of a written contract, by a party entitled to any benefit under it, or with his consent, extinguishes all the executory obligations of the contract in his favor, against parties who do not consent to the act.

**3. Principal and Agent—Scope of Agency.**

Where a matter directly appertains to and becomes a necessary part of an authorized transaction, it may fairly be said to fall within the scope of the agency.

**4. Sales—Action on Purchase Money Note —Counterclaim for Damages—Sufficiency of Evidence—Instructions—Harmless Error.**

Record examined, and held: (1) That the judgment of the trial court is sufficiently supported by the evidence; (2) that the instructions given by the trial court state the law applicable to the case correctly and with reasonable fullness; (3) that it does not appear that the remaining errors complained of have probably resulted in a miscarriage of justice.

Error from District Court, Comanche County; Cham Jones, Judge.

Action by the Western Silo Company, a copartnership composed of Keller J. Bell and Sid R. Clift, against T. B. Knowles on promissory note. Judgment for defendant, and plaintiffs bring error. Affirmed.

L. M. Gensman and W. T. Dixon, for plaintiffs in error.

J. A. Hughes and B. M. Parmenter, for defendant in error.

KANE, J. This was an action upon a promissory note commenced by the plaintiffs in error, plaintiffs below, against the defendant in error, defendant below. Hereafter, for convenience, the parties will be designated plaintiffs and defendant respectively, as they appeared in the trial court.

The petition of the plaintiffs was in the usual form in such cases, and admittedly states facts sufficient to constitute a cause of action.

The answer of the defendant, after denying the execution of the note, alleged, in substance: (1) That if it develops at the trial that the note sued upon was signed by the defendant, it was subsequently materially altered by the plaintiffs without the knowledge or consent of the defendant by adding thereto a clause providing for the payment of an attorney's fee by the defendant in case suit was brought on the note. (2) That the note was given as part consideration for the payment of a silo purchased by the defendant from the plaintiffs; that the contract of sale, which was oral, contained warranties concerning the quality of said silo and its fitness for the purpose for which it was purchased which were subsequently breached by the plaintiffs. (3) That by reason of the breach of said warranties the consideration for the note failed and the defendant was damaged in the sum of $825; wherefore the defendant prays that the note sued upon be canceled, and that he have judgment against the plaintiffs in the sum of $825

The reply was a general denial. Upon the issues thus joined there was trial to a jury and a verdict in favor of the defendant in the sum of $245, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

While counsel for plaintiffs assign a great many grounds for reversal of the judgment of the court below, their main contentions, as stated in their brief, may be briefly summarized as follows: (1) There is no evidence of "false and fraudulent representations made by plaintiffs or their agents." (2) There was no evidence showing that the salesman who made the sale of the silo had any authority from his principal to warrant the silo as set out and alleged in defendant's answer. (3) There was no evidence to support the allegations of the so-called counterclaim. (4) The court erred in giving instructions Nos. 3 and 4 to the jury and in refusing to give instructions Nos. 1, 2, 3 and 4, requested by plaintiffs, and in improperly instructing the jury on the legal measure of damages. (5) Error of the trial court in his rulings on questions raised by objections to the introduction of certain testimony.

On the first question presented for review, this seems to be the situation: The defendant testified that when he signed and delivered the note sued upon it contained no provision for the payment of an attorney's fee, and that such a provision appeared in the note when the same was introduced in evidence by the plaintiffs.

The precise point made by counsel for plaintiffs, as we understand it, is that this evidence is insufficient to show the alteration of the note, because it does not state specifically that the alteration was made by the plaintiffs or someone authorized by them to do so. We do not understand this to be the law. The rule is that where there is testimony tending to show that a material alteration was made in a promissory note, without the consent of the maker, it is then presumed that the alteration was made by the party producing it and offering it in evidence. This is the rule laid down in 2 C. J. 1269, where the authorities may be found collected in a note.

There can be no question that the material alteration of a written contract, by a party entitled to any benefit under it, or with his consent, extinguishes all the executory obligations of the contract in his favor, against parties who do not consent to the act. Section 990, Rev. Laws 1910; Richardson et al. v. Fellner, 9 Okla. 513, 60 Pac. 270.

Under the next assignment of error it is contended that, while the power of the sales-man who dealt with the defendant was shown to be ample for the purpose of making the sale of the silo actually purchased and received, the evidence was fatally defective, because no witness testified specifically that the sales agent had authority to warrant the quality of the silo or make representations in regard to its fitness or to make such guaranties or representations binding upon the principal. It is quite true that no witness testified as to the appointment of the agent or the precise scope of his authority. But the evidence did show, without contradiction, that a person representing himself to be the agent of the plaintiffs sold the defendant a silo which was afterwards delivered and erected in pursuance of the terms of contract of sale. It is also shown that this person at the time warranted the quality of the silo and its fitness for the purpose for which it was sold. It is well settled that where a matter directly appertains to and becomes a necessary part of an authorized transaction, it may fairly be said to fall within the scope of the agency. 2 C. J. 579; Matteson v. Rice, 116 Wis. 328, 92 N. W. 1109.

In our opinion the evidence on the point now under consideration is sufficient under any reasonable application of this rule.

The next two assignments of error appear to us to be based on an erroneous assumption as to the nature of the defendant's defense. Counsel for plaintiffs assume that the rights and liabilities of the parties are definitely fixed by the terms of a certain written instrument which they say specifically defines and limits the agent's authority. If we should start from this premise, there probably would be some merit in the contentions made by counsel in these two assignments of error. But, in our opinion, the record affords no foundation for this premise. The testimony of the defendant shows, without material contradiction, that, after the execution of the written contract of sale referred to, the plaintiffs, through a different agent from the one who procured the written instrument, approached the defendant, and, after considerable oral negotiations, the parties abandoned the written contract and entered into oral contract for the purchase and sale of another and different silo, and it was in relation to that transaction that the oral warranties, which it is alleged were breached, were made. The warranties under this oral contract of sale as stated by the defendant upon the stand, were of the most sweeping character; and that the testimony of the same witness shows a complete breach of these warranties, there can be no doubt. In these circumstances, the brief of counsel for

the plaintiffs, which was based on the unfounded assumption that the rights and liabilities of the parties were fixed by a written contract, affords little, if any, help in considering the case on the theory presented by the defendant.

As we view the case, there is very little conflict in the testimony supporting this theory. Both parties agree that originally a written contract of sale was executed providing for the purchase and sale of a silo to be constructed out of fir timber, and both parties agree that after the execution of this written conract another agent of the company appeared and induced the defendant to purchase a different, more expensive, and, the agent said, a better silo, to be constructed of creosoted pine timber, and both parties agree that the negotiations for this transaction were entirely oral. This is the theory upon which the case was presented by counsel for defendant, and it seems to us to be fully sustained by the defense.

Counsel for plaintiffs say in their brief that the defendant based his counterclaim on fraud and breach of warranty of the quality of the silo, and having failed to prove any fraud, and the authority of the salesman being limited, of which the defendant had actual notice, he would be precluded from setting up a warranty made by the salesman; and hence the court erred in refusing instructions 2 and 4 requested by plaintiffs.

Instruction 2, complained of, reads as follows:

"The court instructs the jury to find a verdict in favor of the plaintiffs upon the counterclaim of defendant."

And instruction 4 reads as follows:

"The jury are instructed that the defendant has produced no legal evidence showing that he was induced to execute the note sued on by false and fraudulent representations, and the jury are instructed not to consider that ground of defense."

The first of these instructions amounts to a request for a directed verdict. From what we have held elsewhere as to the sufficiency of the evidence, it clearly appears that the plaintiffs were not entitled to a directed verdict.

In relation to instruction 4, we agree that there was little, if any, legal evidence tending to show that the defendant was induced to execute the note by false representations, but there is nothing in the evidence to indicate that the jury considered that as a ground of defense.

In our judgment the oral contract of warranty and its breach were shown by evidence which was practically uncontradicted, and there being no doubt of the defendant's right to recover in the case, the proper measure of his recovery is the only point of serious difference between the parties. On this point it is sufficient to say the evidence was direct and convincing, and fully justifies the amount of recovery allowed by the jury.

The remaining assignments of error complain of the class of errors covered by section 6005, Rev. Laws 1910, which provides:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right."

Of these it is sufficient to say that, after an examination of the entire record, it does not appear that the errors complained of have probably resulted in a miscarriage of justice or constitute a substantial violation of a constitutional or statutory right.

For the reasons stated, the judgment of the trial court is affirmed.

JOHNSON, V. C. J., and McNEILL, KENNAMER, NICHOLSON COCHRAN, BRANSON, and HARRISON, JJ. concur.