## BAILEY et al. v. EVANS et al.

No. 12858—Opinion Filed Sept. 16, 1924.

**1. Alteration of Instruments—Notice Imparted by Face of Instrument—Duty of Obligee.**

It is the duty of the obligee, before accepting a written obligation showing on its face a palpable alteration, to make such inquiries or investigations as the circumstances would suggest to a reasonably prudent person in order to determine whether such alteration was made before or after execution, and where such avenues of inquiry and investigation are ignored or neglected until after liability has accrued, the law charges him with notice of such palpable alteration, and with consent thereto. It is only where the instrument is fair and regular on its face that the law dispenses with the exercise of reasonable care in taking it.

**2. Same—Materiality of Alteration—How Determined—Statute.**

An alteration of a written instrument becomes material when it may have the effect to enlarge, extend, or diminish the duties, liabilities, or obligations of the obligor or promisor in any manner not in contemplation of the parties at the time of execution, if done without the knowledge or consent of the party to be bound. An

instrument so altered ceases to be the contract executed, and the law does not make new contracts nor enforce new and different liabilities not in contemplation of the parties when they contract. This is the general rule, and it is made the rule in this state by legislative enactment. Comp. Stat. 1921, sec. 5083.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by Austin M. Bailey and L. Marie Bailey against H. C. Evans and L. H. Woodward to recover the sum of $1,234.02 alleged to be due for breach of a contractor's bond. Judgment for defendants, and plaintiffs bring error. Affirmed.

In 1918 the plaintiffs owned certain property in the city of Ada and entered into a written contract with one J. F. King for the removal and repair of a certain building and for the construction and completion of a new building upon the site from which the old building was to be removed. King was to furnish all labor and material and perform said work for the sum of $3,900 and it was provided in the contract that King should give a bond for the faithful performance of his contract in the sum of $3,000. It seems that by mutual consent this provision of the contract was afterward changed by the parties to make the amount of the bond $1,500. King commenced work under this contract without furnishing the bond provided for therein, and upon a certain pay day, after work had proceeded for some time, plaintiffs demanded that the bond be furnished before the partial payment then due was made. Thereupon King had a bond prepared which was signed by the defendants, H. C. Evans and L. H. Woodward, conditioned for the faithful performance of the contract by the said J. F. King. This bond was delivered to and approved by the plaintiffs and work proceeded under the contract. Before the completion of the new building disagreements arose, the exact cause and nature of which are not disclosed by the evidence, King abandoned the work, and the inference to be drawn from the record is that he left the country. Plaintiffs proceeded to complete the work at their own expense and brought this action on the bond against Evans and Woodward to collect the sum of $1,234.02, alleged to be the amount due plaintiffs by reason of King's breach of contract.

Defendants, as a defense to plaintiffs' cause of action, alleged a material altera-

tion in the bond after its execution, and denied liability by reason thereof.

The case was tried to the court without a jury, and at the conclusion of the trial the court found generally in favor of the defendants and against the plaintiffs. After unsuccessful motion for new trial plaintiffs have brought the case here by petition in error with case-made attached for review. The parties will be hereafter referred to as plaintiffs and defendants, respectively, as they appeared in the trial court.

C. F. Green, for plaintiffs in error.

W. F. Schulte, for defendants in error.

Opinion by LOGSDON, C. Only two propositions are presented and argued by plaintiffs in their brief so that all other specifications of error will be considered as abandoned. The first proposition raised goes to the question of the materiality of the alteration in the bond sued upon, while the second proposition is directed to a certain arbitration which is alleged to have taken place before King finally abandoned the contract and left the country. Under the view taken of the case here the second proposition urged by plaintiffs becomes wholly immaterial if the finding of the trial court under the first proposition is sustained. In stating their first proposition plaintiffs use this language:

"As we view this law suit there is but one thing for this court to decide and that is, was there a material change or alteration in the bond sued upon, and if so who made it?"

The contract as originally prepared reads as follows, omitting the caption:

"That we, Joseph F. King, as principal and H. C. Evans and L. H. Woodward, as sureties are hereby held and firmly bound unto A. M. Bailey, in the sum of $1,500 for the payment of which well and truly to be made to the said A. M. Bailey we bind ourselves, our executors, administrators and assigns.

"The condition of this obligation is such that whereas on this date the obligors herein made and entered into a contract with the obligee herein to erect and construct a certain residence in the city of Ada, Okla., together with other work specified in said contract.

"Now, therefore, if said obligor shall faithfully perform said contract according to its terms and to secure said obligee harmless from any liens for labor or material claims against said property, then this obligation shall be void and of no further effect, otherwise to remain in full force and effect.

"In witness whereof we have hereunto set our hands this the 22 day of June, 1918.

"H. C. Evans,

"L. H. Woodward."

The material alteration alleged to have been made in this bond after its execution was the interlienation of the firm name, "King & Harrison," after the name of Joseph F. King in the first line. The bond was typewritten, while the interlineation was with pen and ink. Testimony in the record shows that at the time of the execution of the contract, for the faithful performance of which this bond was executed, Harrison had no interest in the contract and was not even an employe upon the job. Sometime during the progress of the work, and apparently about the time that the bond sued upon was executed, King had some other building contracts to which he desired to give his personal attention, and he took Harrison in as a partner on the Bailey job, making him foreman on that piece of work. Harrison testifies that King gave him this bond with directions to go to Evans and Woodward to have them sign it, but that when the bond was presented to them by him they refused to sign, and he redelivered the unsigned bond to King. At the time he returned the bond to King the firm name, "King & Harrison," was not in the face of the bond. Thereafter King procured the signatures of Evans and Woodward and delivered the bond to the plaintiffs in the presence of Harrison. Plaintiff A. M. Bailey testifies that he placed the bond in his strong box and that no one else ever had access to it. Both Evans and Woodward testify that the firm name, "King & Harrison," was not in the face of bond when it was signed by them. Woodward testifies that he did not even know Harrison. The original bond introduced in evidence has not been brought to this court in the case-made, nor has any other original instrument showing the handwriting of any of the parties to the contract or bond been brought here, so this court has no opportunity of comparing the handwriting appearing upon either the contract or bond with the handwriting of the interlineation claimed to constitute the material alteration. Harrison testified that he believed the handwriting of the interlineation to be that of J. F. King. Under such circumstances the finding of fact made by the trial court and necessarily included in the general finding, to the effect that the instrument was altered after execution and before delivery, and that the change was apparent, is binding upon this court. Price v. Peoples, 66 Okla. 139, 168 Pac. 191; Gilkeson v. Cal-

lahan, 62 Okla. 45, 161 Pac. 789; Clinton v. Honilston, 51 Okla. 329, 151 Pac. 1035; McNeal v. Nagle, 40 Okla. 521, 139 Pac. 958; Semple v. Baker, 39 Okla. 563, 135 Pac. 1141.

But plaintiffs contend that King was the agent of Evans and Woodward for delivery of the bond, and that any alteration by him is for that reason their act. In support of this they quote from the case of King County v. Ferry (Wash.) 32 Pac. 532. In that case a treasurer's bond was executed by certain sureties with the express understanding that the principal would not deliver the bond until a certain other surety, whose name was then in the face of the bond, should also execute it. A skillful erasure of the name of this surety was made and a different name written in and the bond delivered. The bond was fair and regular on its face when delivered. As was said by the court:

"Without one were specially looking for an erasure, it would not be noticed; and, even when attention is called to it, it is difficult to say that any other name ever occupied the space now occupied by the name of Guy C. Phinney. So that it must be considered as a change before delivery, without notice to the obligee, and as such we will discuss it."

The court in that case held the principal to have been the agent of the sureties for delivery of the bond, and that the bond was valid. However, that court expressly limited its holding to an instrument fair and regular on its face when delivered. It said:

"Of course, if there is anything on the face of the bond, when it is delivered, to excite the suspicion of the obligee that the bond has been tampered with, or sufficient to put a prudent person on his guard, he ought to be held bound to make an investigation before accepting the bond."

The finding by the trial court in the instant case that the bond was in fact altered after its execution and before delivery, and that the alteration was apparent, being binding upon this court, the only question remaining for determination is as to the materiality of such alteration.

Both of the bondsmen knew J. F. King and both said that it was their intention to bond the performance of the contract by King. One, and perhaps neither, of them knew Harrison or had ever had any business dealings with him, and knew nothing as to his reliability or competency to carry out such a contract as they were requested to bond. The record shows that about the

time of the execution of the bond the performance of the contract between King and the plaintiffs was by King turned over to and entirely entrusted to Harrison, and the fault found with the work done under the contract was work thereafter performed or directed by Harrison.

By section 5083, Comp. Stat. 1921, it is provided:

"The intentional destruction, cancellation, or material alteration of a written contract, by a party entitled to any benefit under it, or with his consent, extinguishes all the executory obligations of the contract in his favor against parties who do not consent to the act."

In this case there appears to be no dispute as to the fact that the alteration of the instrument is clearly apparent on the face of it, the original instrument being typewritten and the alteration being interlined with pen and ink. That plaintiffs consented to this clearly apparent alteration without making any inquiry as to who made it or by what authority it was made is clearly shown by the testimony of the plaintiff A. M. Bailey, who says that he approved it and stated to King that it was "as good as gold." That he knew of the alterations is further apparent from the fact that thereafter some of his pay checks given for work done under the contract with King were made payable to "King & Harrison." These facts in evidence clearly show that if plaintiffs did not authorize the alteration they consented thereto with full knowledge thereof brought home to them by the appearance of the face of the instrument.

In Western Silo Co. v. Knowles, 88 Okla. 176, 212 Pac. 585, this court, speaking through Justice Kane, said:

"There can be no question that the material alteration of a written contract, by a party entitled to any benefit under it, or with his consent, extinguishes all the executory obligations of the contract in his favor against parties who do not consent to the act."

In 1 R. C. L., p. 968, in discussing the test of materiality of an alteration in a written instrument, it is said:

"That is material which might become material, and any alteration which may in any event alter the rights, duties or obligations of the person sought to be charged is material in the legal sense. Courts cannot undertake to say that he would have made the contract as altered, and thus make it for him, merely because its terms are more favorable to him than those of the original instrument, any more than they could be justified in a like conclusion where the

alteration imports additional liability. In the one case, no less than in the other, the altered paper is not the contract which the party has made; and in neither case can the courts declare it to be his contract, or enforce it as such. The law proceeds on the idea that the identity of the contract has been destroyed; that the contract made is not the contract before the court; that the party did not make the contract which is before the court; and so adjudged, it cannot go further, and hold him bound by it on speculations, however probable and plausible, that he would or ought to have entered into the altered agreement because it involved less liability than the original and only paper executed by him."

In the case of Richardson et al. v. Fellner, 9 Okla. 513, 60 Pac. 270, paragraph 5 of the syllabus reads:

"Any alteration of a written instrument after its execution, without the consent of the parties, which varies the legal effect of the instrument, changes the operation of the contract or the rights or liabilities of the parties, though no fraud results, is a material alteration, and vitiates the instrument."

The rule quoted has been followed by this court uniformly and is adopted and relied upon in the following cases: Citizens State Bank of Ramona v. Grant, 52 Okla. 258, 152 Pac. 1082; Cox v. Kirkwood et al., 59 Okla. 183, 158 Pac. 930; Francen v. Oklahoma Star Oil Co. et al., 80 Okla. 103, 194 Pac. 193; Western Silo Co. v. Knowles, 88 Okla. 176, 212 Pac. 429.

It is clear that by the application of section 5083, supra, and the rules of law based thereon, announced and consistently adhered to in the numerous decisions of this court above cited, to the undisputed facts shown in this record renders it unquestionable that the alteration in the instrument sued on in this action enlarged and changed materially the liability assumed by the sureties when they executed the same. Instead of bonding the performance of the contract by King, a man whom they knew and in whom they had confidence, the alteration in the contract made them bound for the performance of the contract by a firm of whose existence they had no knowledge, and one of the members of which firm they did not know personally. The contract sued upon was not the contract which they executed.

Upon a consideration of the entire record and the principles of law applicable to the facts therein shown, it is considered that the judgment of the trial court herein should be affirmed.

By the Court: It is so ordered.