## GRIFFIN GROCERY CO. v. CARSON GROCERY CO.

No. 25839. Oct. 8, 1935.

·97

D. H. Linebaugh, for plaintiff in error.

Williams & Martin, for defendant in error.

PER CURIAM. This action was commenced by the plaintiff in error against the defendant in error in the district court of Adair county for damages for loss of profit caused by the breach of a written contract. We refer to the parties as they appeared in the trial court. The cause went to trial before a jury on the following issues of fact: The plaintiff corporation alleged that the defendant partnership ordered in writing, on July 24, 1928, 500 barrels of flour to be shipped with bill of lading attached, and that the defendant, on January 16, 1929, breached the contract and that plaintiff was damaged 89 cents per 100 pounds, or a total of $445. The defendant denied under oath the execution of the contract sued upon, but alleged that, on July 24, 1928, the defendant did execute a written order to the plaintiff for flour and feed to be shipped on open account, and on January 16, 1929, the defendant gave the plaintiff written instructions for the shipment of the merchandise in accordance with the contract actually made and entered into. The defendant further alleged that after the execution and delivery of the contract sued upon by plaintiff, there was a material alteration in that the terms of payment on open account were changed to payment of bill of lading on delivery by the railway company, which alteration rendered the contract void. The plaintiff's reply was in the nature of a general denial.

The cause was tried to a jury, which returned its verdict for defendant. The verdict was approved by the trial court. Motion for a new trial was denied and exception saved. The cause is now regularly before this court on petition in error and case-made.

No exceptions were taken to any of the instructions given by the trial court. The plaintiff admits the case is "one almost exclusively of fact." Evidently, the facts as found in the trial court are substantially as follows: The plaintiff, through its salesman, entered into a written contract with the defendant for the sale of some flour and feed. That part of the printed contract on the form of plaintiff reads: "Terms of pay-

ment _____ with bill of lading attached," etc. In the blank space, pursuant to agreement, the salesman of plaintiff wrote "open," meaning on open account. Under the statute (1921 C. O. S., sec. 5054; 1931 O. S., sec. 9475), the written part controlled the printed part. The contract was executed in triplicate, the original and two carbon copies. One carbon copy was left with the defendant and the original and one carbon copy forwarded to the office of the plaintiff; but before forwarding the salesman altered the terms of payment on the original and carbon copy from open account to payment of bill of lading on delivery of the flour and feed. The contract further provided for confirmation by plaintiff. On July 26, 1928, the plaintiff wrote the defendant that contract was confirmed and inclosed the other carbon copy of the contract, altered as aforesaid. Because the defendant partnership did not repudiate in writing the contract because it had been thus altered, the plaintiff now contends the defendant confirmed; but the spoken and written expressions of the members of the defendant partnership indicate that neither one of them was a letter writer. The defendant partners did, however, complain to the plaintiff's salesman about the alteration, and that the defendant was not bound by the contract; and afterwards the salesman told the defendant partners the contract had been canceled. Later, the plaintiff wrote the defendant for shipping instructions. Finally, on January 16, 1929, the defendant wrote the plaintiff as follows:

"In reference to contract for flour dated July 24, 1928, you are advised that we desire the entire shipment of feed and flour contracted for to be shipped according to the contract held by us. Our contract provides that said shipment be made on open account."

It is by this letter that the plaintiff contends the defendant breached the contract. Evidently, the jury reached the conclusion, and we think rightfully, that this letter had the opposite effect; the plaintiff breached the contract by not shipping on open account according to contract. The plaintiff did not demur to defendant's evidence, but plaintiff did move for an instructed verdict, which motion was denied. The error, if any, in thus denying the motion was assigned in the petition in error, but not urged in the briefs. Therefore, we must assume that the plaintiff now admits the verdict and judgment is sustained by sufficient evidence. Since the plaintiff did not object to, nor save an exception to, any of the instructions, the instructions became the law of the case (Herness

v. McCann (Mont.) 300 P. 257; Shawacre v. Morris, 52 Okla. 142, 152 P. 835). Hence, there is nothing before this court for review, either questions of law or of fact. However, we will notice the errors urged in the brief of plaintiff.

In the brief, the plaintiff urges three propositions: First, that any notation made by the salesman on the copy of the contract left with the defendant is immaterial, especially in view of the undisputed fact that he had no authority to fix terms of payment, citing the first syllabus paragraph in Orr v. Murray, 95 Okla. 206, 219 P. 333, to the effect that an alteration of a written contract by an agent of one of the parties does not avoid the contract unless the agent had express or implied authority to make the alteration. The terms of payment written by the salesman into the blank space provided for that purpose was not a mere notation, for the word "open" represented a material part of the contract, which word remained unchanged in the carbon copy left with the defendant. As to the authority of the salesman to fix terms of payment, the salesman was the agent of the plaintiff and the terms of payment in the printed contract prepared by plaintiff were in blank; and, therefore, under the rules of law applicable thereto, the salesman had implied authority from his principal to fill in the blank space in conformity to the contract made with the defendant. The law applicable hereto is fully stated in 2 C. J. secs. 119 to 144, in the article, "Alteration of Instruments." The assertion on the part of the plaintiff that its salesman had no authority to fix terms of payment was a fraud on the defendant partners who appear to be entirely ignorant of any such limitation on the authority of the salesman. 2 C. J. sec. 121, p. 1244. There was no alteration in filling the blank showing the terms of payment as per agreement, but the alteration consisted in the salesman altering the agreement without consent of the defendant partners. At the time of the alteration, the original and one carbon copy of the contract had not been submitted to the plaintiff for its confirmation. Plaintiff's salesman had no express or implied authority from the defendant partners to make the alteration. The contract confirmed by the plaintiff was not the contract which had been executed by the defendant. The law from Orr v. Murray quoted by plaintiff does support plaintiff's proposition. We are not concerned here with the authority of plaintiff to its salesman to make the alteration. We are concerned with the lack of authority from defendant to plaintiff's salesman to make the alteration.

As a second proposition, the plaintiff contends the purchase contract contained no material alterations, citing the first syllabus in Bailey v. Evans, 100 Okla. 278, 229 P. 221, to the effect it was the duty of the defendant, on the receipt of the altered carbon copy of the contract, to make an investigation as the circumstances would suggest, etc. The record shows the defendant partners did make an investigation, and the jury evidently concluded, and we think rightfully, that the investigation made by the defendant partners complied with the law announced in the foregoing decision of this court. But, in support of the proposition urged, the plaintiff does not call to the attention of this court any decision which would aid us in determining whether the alteration was or was not material. We think this proposition is ruled by statute (1921 C. O. S., sec. 5083; 1931 O. S., sec. 9504), as construed by this court in the second syllabus paragraph in Bailey v. Evans, supra, as follows:

"An alteration of a written contract becomes material when it may have the effect to enlarge, extend, or diminish the duties, liabilities, or obligations of the obligor or promisor, in any manner not in contemplation of the parties at the time of execution, if done without the knowledge or consent of the party to be bound. An instrument so altered ceases to be the contract executed, and the law does not make new contracts nor enforce new and different liabilities, not in contemplation of the parties when they contract. This is the general rule, and it is made the rule in this state by legislative enactment. Comp. St. 1921, §5083."

As a third proposition the plaintiff contends the defendant confirmed the purchase under the terms set forth in the original sales contract and waived any right to claim material alteration. These questions were not raised by the pleadings. The second amended petition is an action in damages for breach of contract without any hint of any alteration of the contract. In the verified answer, the defendant denied generally and then set up the defense of material alteration. For a reply, the plaintiff filed a general denial, which, of course, was a denial of the alteration. There was no admission by plaintiff of the alteration, there was no claim by plaintiff of confirmation of the alteration by the defendant. The plaintiff cannot try this case in the trial court on one theory and then advance a different theory in this court.

Finding no error in the record, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys A. L. Emery, Joe S. Eaton, and C. M. Gordon in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Emery and approved by Mr. Eaton and Mr. Gordon, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and GIBSON, JJ., concur.